GABE CHATMAN ET AL. *v.* AMANDA POINDEXTER.

[58 South. 361.]

1. HOMESTEAD. *Conveyances. Validity. Code* 1906. *Sec.* 2159-2156.

     A conveyance of the homestead by the husband living with his wife thereon, to the wife and other grantees is under Code 1906, Sec. 2159, so providing invalid as to the grantees therein other than the wife unless signed by the wife.

2. SAME.

     The fact that such deed was executed in payment of a claim against the grantor for labor "done and performed" and that under Sec. 2156, Code 1906, the land conveyed was not exempt from execution, does not dispense with the necessity of the wife's signature to the deed.

APPEAL from the chancery court of Leflore county.

HON. M. E. DENTON, Chancellor.

Suit by Gabe Chatman et al. against Amanda Poindexter. From a decree dismissing the bill, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Coleman & McClurg,* for appellants.

We sincerely hope that the supreme court is more conversant with equitable estoppel than seem solicitors for appellee, and can surely see that appellee is estopped by her own wrong, in having this deed made to herself and grandchildren, for their claim for work and labor performed, and now tries to defeat them for her own benefit, because forsooth, a deed delivered to her, as an escrow (?) was not joined in by herself to herself.

If ever equity can interfere to prevent a wrong, where will you find a stronger case?

*Gardner & Whittington,* for appellee.

The learned counsel for appellee say, in their brief, that a husband can make a valid conveyance of the homestead to his wife, without her joining in the deed, and cite Thompson on Homestead and Exemptions, Sec. 473, 21 Cyc. 536. If the conveyance of the homestead had been executed by Gabe Poindexter to his wife entirely, we do not think it would have been necessary for Amanda Poindexter to have joined in the conveyance. It is not disputed that the husband could convey the homestead to the wife, without her joining in the conveyance, in Mississippi. Some jurisdictions, as shown by the very authority cited by counsel for the appellants, require the wife to join in such conveyances to herself. In Thompson on Homestead and Exemptions, Sec. 473, quoted by counsel for appellants, we read: "The policy of these statutes which restrain the alienation of the homestead without the wife joining in the deed, is to protect the wife and to enable her to protect the family in the possession and enjoyment of a homestead. They are not intended to oppose obstacles in the way of a conveyance of the homestead to the wife and children, with the consent and approval of the wife, whatever may be the form of conveyance." The wife, Amanda Poindexter, did not consent and did not approve of the delivery of the deed to the appellants. It was taken from her trunk, without her knowledge or consent and recorded without her knowledge. The authority just quoted does not support the contention of the appellants, because the appellants were not the children of the grantor. They were not related to the grantor in any wise. The record shows that Amanda Poindexter had only one child living, her son, Ike Poindexter, about forty years of age. Homestead statutes are too liberally construed in favor of the exemptionist. *Gilmore* v. *Brown,* 93 Miss. 63.

Counsel for appellants contend that it was not necessary for the wife to join in the conveyance of the home-

stead, because of the recital in said alleged conveyance about labor done and performed. Under Sec. 2156 of the Code of 1906, property is not exempted, when the judgment is for labor performed. There was no judgment in this case, and a mere recital of labor done and performed does not meet the demands of the statute. The appellants, as shown by the testimony, had been reared from their infancy almost by Gabe Poindexter and Amanda Poindexter, had been supported and sent to school by this aged couple, and the appellants as children had probably done work about the farm, as children would ordinarily do. The homestead would not have been exempted from a judgment for labor done and performed, and the statute quoted must be strictly construed. 21 Cyc. 520, 523, and 1206. The conveyance executed by Gabe Poindexter, covering the homestead in question was absolutely void, because the wife, did not join in the conveyance, as required by Sec. 2159 of the Code of 1906.

Argued orally by *W. M. Whittington,* for appellee.

SMITH, J., delivered the opinion of the court.

Gabe Poindexter, now deceased, being the owner of the land in controversy, to-wit, the south half of the northwest quarter of section thirty, township twenty, range two east, in Leflore county, Mississippi, executed and delivered to Amanda Poindexter the following deed: "In consideration of labor done and performed by Mandy Poindexter, my wife, and Ellen Chatman, Walter Chatman, and Gabe Chatman, and the further consideration of ten dollars in cash paid, I grant, bargain, sell and convey to said above-named parties one-half of the south half of the northwest quarter of section thirty, township twenty, range two east, in Leflore county, Mississippi." Amanda Poindexter was the wife of Gabe Poindexter, and Ellen Chatman, Walter Chatman, and Gabe Chatman, appellants herein, were Amanda's grandchil-

dren by a child of a former marriage. There was some evidence on the part of appellee indicating that this deed was never in fact delivered; but this evidence becomes immaterial, as will appear later on. Several years after the death of Gabe Poindexter, appellants, grandchildren of Amanda Poindexter, instituted this suit, alleging that by virtue of this deed they, together with Amanda, owned an undivided half interest in the land, and that Amanda was the owner of the other half interest therein, and asking for a partition thereof. Appellee filed a cross-bill, asking that this deed be canceled as a cloud on her title, and from a decree canceling the deed and dismissing appellants' bill, this appeal is taken. At the time the deed in controversy was executed, Gabe Poindexter was living with Amanda, his wife, on the land in controversy, which constituted his homestead.

It may be, as contended by appellee, that this deed, in so far as it conveys an interest in the land to the wife, is valid, as to which we express no opinion; but, in so far as it attempts to convey any interest in the land to appellants, it is void under the provisions of Sec. 2159 of the Code of 1906, which provides that a conveyance of the homestead shall not be valid unless signed by the wife, or the owner, if he be married and living with his wife. The purpose of this statute cannot be defeated by merely joining the wife as one of the grantees in a deed to the homestead.

One of appellants' contentions is that the deed was executed in payment of the claim of appellants against Poindexter for "labor done and performed," and that consequently, under the provisions of Sec. 2156 of the Code, the land in controversy was not exempt from execution, and that, therefore, it was unnecessary for the wife to sign the deed in order for the same to be valid. Section 2159 contains no such exceptions as this. Conceding for the sake of the argument, but not deciding that a sale of a homestead under an execution issued

upon a judgment for labor performed would be valid under section 2156, it by no means follows that a conveyance thereof by the husband without the signature of the wife in settlement of a claim for labor performed would be valid. Such a conveyance is governed solely by section 2159.                                   *Affirmed.*

*Suggestion of error filed and overruled.*