WILLIAMS *v.* GREEN.

[91 South. 39. No. 22346.]

1. DEEDS. *Where husband conveys to his wife for life, remainder to himself or his heirs on her death, life estate only is conveyed, "heirs" not meaning children.*

Where a husband conveys lands to his wife "to have and to hold the

same to her  . . .  for and during the term of her natural life; and at her death to revert to the said party of the first part, if living, or to his heirs, if dead," the deed only conveys a life estate, and on the death of the grantor before that of the wife the remainder descends to his heirs in fee.  The word "heirs" in such case does not mean children.

2. DEEDS.  *Instrument which cannot operate in the maker's life is not a deed.*
A deed to be valid must take effect as a conveyance *in praesenti* though the enjoyment of the estate may be postponed, and an instrument which cannot operate in the life of the maker is not a deed.

3. HOMESTEAD.  *Husband may make valid deed conveying homestead to wife, but this does not defeat his right to occupy.*
A husband may make a valid deed to his wife of the property or title to the homestead without her joining in the conveyance under section 2159, Code of 1906 (section 1834, Hemingway's Code).  Such deed will convey the title, but will not defeat the husband's right to occupy it as a home, and, as the law requires his consent to his wife's alienation of the homestead, his right to the homestead cannot be impaired so long as the place is used as a homestead.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Bill by Dorsey Williams against Laura Green.  A demurrer to the bill was sustained, and the plaintiff appeals. Reversed and remanded, with leave to answer.

*Green & Green,* for appellant.

The law favors that construction of an instrument which results in a vested remainder rather than a contingent remainder, if such a construction can be applied without doing violence to the language of the instrument.  *Baxter* v. *Bran,* 123 Ky. 235, 94 S. W. 633, 29 Ky. Law Rep. 659; *Moore* v. *Sleet,* 113 Ky. 600, 68 S. W. 642, 24 Ky. Law Rep. 426, and cases cited.  If the plaintiff's construction of the deed is adopted, it follows that the title to the remainder in the land was *in nubibus,* or remainder in Mrs. Elgin and her heirs at law, and passed from them to the heirs at law of Mrs. Hoon at her death; for it could not be known who

would be the heirs at law of Mrs. Hoon, until she died if
the words heirs at law in the deed are to receive their legal
signification. But this is clearly not what the deed means.
It will be observed that Julia Elgin is the party of the first
part and that Mary Hoon is the party of the second part.
By the granting clause Julia Elgin conveys the land to
Mary Hoon. If the deed had stopped here, clearly Mary
Hoon and her heirs would have taken the title and no title
would have remained in Mrs. Elgin. It is not presumed
that one part of the deed was intended to contradict an-
other further than its express terms require. In the subse-
quent part of the deed Mrs. Elgin retains a life estate in
the land, and she reserves the right to dispose of it with the
consent of Mary Hoon. The deed also provides that after
her death the land shall belong to Mary Hoon during her
natural life free from the control or claim of any person
whatever, and at her death descend to the heirs at law of
Mary Hoon. Collateral kindred were evidently not in the
minds of the parties when they used the word, descend,
and the use of the word shows that no title was intended to
be left in Mrs. Elgin, but that the title was to pass from
Mary Hoon. The deed also provides that after the death
of Mrs. Elgin, Mary Hoon may sell same and invest the
proceeds in other property if said parties may consider it
to their advantage to do so. As Mrs. Elgin would then be
dead, the said parties would be Mary Hoon and the person
to whom the remainder in the land at her death had been
given. If the parties had in mind such persons as would
be the heirs at law of Mary Hoon at her death, this clause
could have no effect because no one could know who would
be the heirs at law until she was dead, and therefore it
could not be known who could consent to a sale but Mary
Hoon in order to pass the title, so that under this con-
struction, Mary Hoon could not have sold the property
after her mother's death so as to pass a good title.

But evidently the instrument contemplated that she
could. It is therefore evident that the parties did not use
the words, heirs at law in their legal signification and when

we look at the surroundings of the parties, it is perfectly clear in what sense they did use them. Mrs. Hoon had one child when the deed was drawn. She had separated from her husband. Another child was born to her shortly after the deed was made. If they used the word "children" there might be question as to whether it would include the after-born child. The purpose of Mrs. Elgin was to provide for her daughter and her children., She had in mind no thought of making a provision for her collateral kin. In a popular sense the words, heirs at law, are frequently used as synonymous with children and so it was provided in this deed that Mary Hoon should have this land for life; that at her death it should descend to her heirs at law. and that after the death of Mrs. Elgin, Mary Hoon and her heirs at law might sell the property. In thus using the words, heirs at law, as shown by the whole deed Mrs. Elgin had in mind the children of her daughter and not her collateral kin. *Durfee* v. *MacNeil,* 50 N. E. 722.

The flexibility of the term and the duty of the court to ascertain its meaning from consideration of the entire will are brought into clear view in *Jones* v. *Lloyd,* 33 Ohio St. 572, where it was held that the testator's widow was not entitled to participate in a provision in favor of his heirs, although if he had died intestate, she would have been his sole heir. Since a brother is an heir, in the general sense of the term, the provision that the estate of Mrs. MacNeil should, upon her death without heirs pass to her brother, by way of executory device, indicates that the term was not used in that sense. The testator could not have contemplated the death of one of his children, while the other survived. We think the testator used the term as meaning children and that, to give effect to his intention, we must hold that, upon the death of Mrs. MacNeil, her estate passed over to the plaintiff in error, by way of executory devise. *Bishop* v. *Tinsley,* 41 S. E. 898.

The habendum clause of said deed is as follows: "To have and to hold, all and singular, the premises before men-

tioned unto the said Alice Bishop during the term of her natural life and from and after her decease the land and premises above described shall belong in fee simple and absolute to her husband, Isaac Bishop, if he be alive, and to her lawful heirs to and for their sole use and benefit, forever. The pivotal fact in the construction of said deed is that it was unquestionably the intention of the grantors to convey all their right, title and interest in the land in dispute but it cannot be successfully contended that the fee was conveyed to Alice Bishop for she was only to have the land during her natural life. Nor can it be said that her husband, Isaac Bishop, became the owner of the land in fee because the contingency upon which he was to take the land did not happen. The intention to dispose of the entire fee cannot be carried into effect if we construe the words, and to his lawful heirs to and for their sole use and benefit, forever, as words of. limitation, intended only to enlarge the estate of Isaac Bishop if he should survive his wife. This intention may, however, be made effectual if we construe the words as describing a person to take the remainder in the event of Isaac Bishop not being alive at the death of his wife. The word heirs, in this case, is a word of purchase, and not of limitation." *Ebey et al.* v. *Adams, et al.*, 135 Ill. Rep., 81.

In the same will, after providing for distribution as above set forth, the testator directed his executors to distribute the balance of his estate among his six living children or their heirs. Held, that the only persons entitled to share in the distribution were such of his children as might be living at the time appointed for distribution, which was on the termination of the prior estate in the widow, and the heirs of such of the children as may have died in the meantime. The testator's children did not take a vested interest, but only a contingent one.

*Hamilton & Hamilton,* for appellees.

The only question presented to this court for decision is the interpretation of the deed with reference to the

words: "To have and to hold the same, to her, the said Margaret Askew, for and during the term of her natural life, and at her death to revert to the party of the first part if living, or to his heirs, if dead."

The object in construing a deed is to ascertain the intention of the parties, and especially that of the grantor, from the words which have been employed in connection with the subject-matter, and the surrounding circumstances. 18 C. J. 252. What, then, did Dan Askew mean by the words he used in the deed, "taken in connection with the subject-matter and the surrounding circumstances?"

Our contention is this, and it was argued before the chancellor, and he so held, that upon the execution of the deed three estates were created: First, a life estate in Maggie Askew, for and during the term of her natural life; second, a possibility of reverter in the grantor, which was reserved by him, the property, at her death, to revert to him, if living; and third, a contingent remainder in his heirs, the property to revert to his heirs, if dead; that is, if the grantor should be dead, at her (his wife's) death. In other words, upon the termination of his wife's estate, which would be at her death, the property was to revert to the party of the first part (the grantor) if living, or to his heirs if dead. And by his heirs he meant his children. *Tanner et al.* v. *Ellis et al.,* 127 S. W. 995; *Durfee* v. *McNeil,* 50 N. E. 721; *Boone* v. *Baird,* 91 Miss. 240; *Bishop et al.* v. *Tinsley,* 41 S. E. 895; *Wood et al.* v. *Beasley, Guardian, et al.,* 7 N. E. 331, 18 C. J. 178, sec. e.

Counsel for appellant in this case cite the case of *Harris* v. *McLaran,* 30 Miss. 533. That case was also cited in *Boone* v. *Baird,* and the court disposed of it in its opinion. In *Harris* v. *McLaran,* the court held that, as a matter of fact, the words, lawful heirs, were used by the grantor as words of limitation; that when they are used in a deed or will, without any superadded words or phrases, indicating a different meaning, they are always understood to be used according to their legal acceptation. And there was nothing in that case to indicate that they were used other-

wise. But in the present case, now before the court, there are superadded words or phrases, indicating a different meaning; and the facts and circumstances surrounding the execution of the deed by Dan Askew, together with the words he used, makes his meaning manifest. There is no conflict between *Harris* v. *McLaran* and the present case.

The same principles that were announced by this court in the case of *Boone* v. *Baird*, apply in this case. *Harris* v. *McLaran*, 30 Miss. 571; *Harkleroad* v. *Bass*, 84 Miss. 483, 36 So. 537.

We respectfully submit that the decision of the chancellor in the court below sustaining the demurrer to appellant's bill was correct, and that this case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was the complainant below, and filed his bill against the appellee for a one-half interest in certain property and for an account of rents and profits received. He bases his claim upon the theory that he acquired a one-half interest through Margaret Askew, wife of Daniel Askew, under the terms of a deed made by Daniel Askew to Margaret Askew, and through a will from Margaret Askew to himself. The pertinent clause of the deed involved reads as follows:

"To have and to hold the same, to her, the said Margaret Askew for and during the term of her natural life; and at her death to revert to the said party of the first part, if living, or to his heirs, if dead."

The said Daniel Askew died before Margaret Askew, and the appellee was his only child, and was the child of a former marriage. There was a demurrer to the bill, which was sustained, and an appeal granted by the court below to this court.

The appellee relies upon *Boone* v. *Baird*, 91 Miss. 420, 44 So. 929, and it is evident that the court below relied upon the same case, in which the deed conveyed a life estate to the wife but the remainder to the heirs of the

grantor, and the court, in construing that deed held that the word "heirs" was used in the sense of children, and not in its technical sense, proceeding upon the idea that the deed divested all right and title out of the grantor, and that, on delivery of the deed, full title passed from the grantor, a life estate going to the wife, and the remainder vesting in the child. In the present case, however, it is provided that at the death of the wife the fee shall revert to the grantor if he be living, and, as a person cannot be both grantor and grantee in a deed, this amounted simply to a reservation of the fee to himself. There was no granting of an estate in præsenti, and it was held in *Kelly* v. *Covington,* 119 Miss. 658, 81 So. 485, that the deed must, to be effective as an instrument of conveyance, convey in præsenti, and, if it was provided in the deed that it should only become effective at the death of the grantor, that it was not a deed, and would have no effect as such. The clause involved there read as follows:

"But this conveyance is not to take effect until the death of the first party, at which time it shall be in full force and effect, only to be defeated by a failure of consideration herein named by the party of the second part."

The opinion cites *Martin* v. *Graham,* 114 Miss. 653, 75 So. 447, in which the court held that to make a valid deed the maker must part with his *jus disponendi* of the property to the extent of the deed. This being true there was no conveyance during the life of Daniel Askew to the daughter. The use of the word "heirs" in the present deed, taking the whole instrument together, we think means that it was the purpose of the grantor to leave the property to his heirs generally, and that the word was not used in the sense of children. The case of *Harris* v. *McLaran,* 30 Miss. 533, supports the views which we have of the present deed. The doctrine of this case was fully recognized in *Boone* v. *Baird, supra.*

A second contention is made by the appellant that the deed from Daniel Askew to Margaret Askew was void because it was not signed by the wife. It is contended that,

under section 2159, Code of 1906 (section 1834, Hemingway's Code), the wife must join in the husband's deed to make it valid even though the deed be made to herself. In our view this contention is not sound. It is a general principle that a person cannot be both grantor and grantee in a deed, and, as the purpose of the statute in requiring the wife to join when the husband owns a homestead, or the husband to join when the wife owns a homestead, or to protect the homestead or the homestead rights, there would be no necessity for such joinder in cases of conveyance between husband and wife, because neither could reconvey to a third party without the joinder of the other. In 21 Cyc. 536, the rule is stated as follows:

"In jurisdictions requiring conveyances or mortgages of homestead property to be executed by both husband and wife, the husband may make a valid conveyance, or according to some decisions, mortgage of the homestead premises to his wife, without her joining."

In support of this text are cited decisions from Alabama, Arizona, Arkansas, California, Iowa, Michigan, Nebraska, Oklahoma, Wisconsin, and the United States; while the only state holding the contrary doctrine cited in this authority is the state of Illinois. We think the reasoning of the cases in support of the text announce the sound principle, and the wife need not join in the deed made to herself. The deed to her will convey the legal title to the land, but will not divest the husband to the homestead right so long as he maintains a home thereon.

The judgment of the court below is reversed, the demurrer overruled, and the case remanded, with leave to answer within thirty days from receipt of the mandate in the court below.

*Reversed and remanded.*