SMITH *et al. v.* STANLEY.

(Division A.   Feb. 16, 1931.)

[132 So. 452.   No. 29231.]

**Ruth Campbell,** of Yazoo City, for appellants.

**Barbour & Henry,** of Yazoo City, for appellee.

**McGowen, J.,** delivered the opinion of the court.

Ella Stanley, the appellee, filed a petition for partition of land consisting of a house and lot in Yazoo City, alleged to be owned by her and the appellants, heirs of Andrew Smith as tenants in common, and alleged that she owned a five-eighths interest therein, and that the defendants owned a three-eighths interest; and she further set up a claim for taxes and improvements thereon. The appellants, Bettie Smith and others, as children of Andrew Smith, filed an answer denying that appellee owned any interest in the lands in controversy, but as-

serted an absolute title in themselves and denied the account for improvements and taxes.

During the progress of the trial the appellee amended her bill so as to charge that she claimed a one-fourth interest by virtue of a deed, executed in 1907 and recorded in the chancery clerk's office in the county, made by Andrew Smith, in which deed he conveyed a one-fourth interest to Ella Stanley and a one-fourth interest to Tempie Smith, who was the mother of Ella Stanley and the wife of Andrew Smith. In the amendment she further alleged that her mother died in 1927 owning a three-fourths interest in the house and lot, and that she took, by inheritance, three-eighths interest from her mother. She further alleged that she was entitled to hold a one-fourth interest conveyed to her by Andrew Smith by adverse possession for more than twenty years.

When the substance of this amendment was dictated in the record, the court offered to continue the case in order to permit appellants to file their answer to the amendment. It was then agreed that the trial might proceed, and that the amendment might be filed after the trial, and thereupon counsel for appellants said: "I am willing to proceed with the case by denying everything, and when complainant has filed the amendment, then I will file my answer denying everything." Subsequent to the adjournment of the court Ella Stanley filed her amendment to her original petition in line with the statement made to the court, but sometime subsequent to that the appellants filed an answer denying everything, and in addition thereto filed a plea of non est factum as to the deed executed by Andrew Smith to his wife, Tempie, and his stepdaughter, Ella Stanley, by which deed he undertook to convey his one-half interest—one-fourth thereof to his wife, Tempie, and one-fourth to Ella Stanley. After the trial proceeded, the court took the case under advisement, and some months subsequent to the filing of

the answer by appellants he decided the case and entered a decree in vacation, by agreement of the parties, in which he decreed that Ella Stanley owned, as a tenant in common, a three-eighths interest, and the appellants a five-eighths interest, and he further decreed appellee, Ella Stanley, one hundred fifty dollars as a charge on the property for improvements.

The proof showed that Andrew Smith and Tempie Smith were married, and long prior to 1907 the owners of this land conveyed the property to Andrew and Tempie Smith, by which deed they became tenants in common to the land, each owning a one-half interest. From the time of the purchase until the death of Andrew the property was occupied as a homestead. In 1907 Andrew executed a deed, as above stated, to his wife and stepdaughter. The wife did not join in the deed conveying a one-fourth interest to Ella Stanley in the homestead property then occupied by them as a homestead and ever afterwards so long as they both lived. Such other facts as are necessary will be stated in connection with the opinion. Appellants here contend that in the state of the pleadings at the time of the trial the complainant in the court below, Ella Stanley, failed to prove any title in the lands, her title being denied specifically by the answer. The testimony was that Ella Stanley was the daughter of Tempie Smith, and that Tempie Smith died seized and possessed of her interest in these lands, and that Ella Stanley, and Andrew Smith, daughter and husband, respectively, of Tempie Smith, were the sole heirs at law. It is alleged that this is insufficient to show title by descent in Ella Stanley owning one-half interest in the lands of which her mother died seized and possessed, the contention of the appellants being that it was incumbent upon her to show that Tempie Smith, the mother, died intestate. This position is untenable.

In volume 4, Ency. of Evidence, p. 578, section C, we find this statement: "Intestacy presumed. It is presumed that each person died intestate." This precise point was decided in the case of Lyon v. Kain, 36 Ill. 362, from which we quote: "It is insisted, that as there was no proof that Richard and James Kain, and the father and mother of William Kain, died intestate, there is no evidence that the title passed to their heirs by descent. Testacy is an affirmative and intestacy a negative fact. As a general rule, subject to a few exceptions, a party is not required to prove a negative. The very fact that the legislature has required proof of intestacy, before letters of administration are granted, shows that they understood that in the absence of such a requirement mere proof of death would have raised the presumption of intestacy. Nor does such legislation show a design to establish, as a general rule, that intestacy must be proved. This enactment was only designed to embrace the class of cases named in the act itself, and it cannot be applied, to all cases of intestacy. In other respects, it leaves the law as it was before this act was adopted. If other persons than the heir claim as devisees, it devolves upon them to establish their right by showing that they hold title as such. It is not for the heir to prove that no one else holds as devisee or grantee from his ancestor. No authority has been cited, and it is believed none can be produced announcing a different rule."

The same question was before the supreme court of Maine in the case of Baxter v. Bradbury, 20 Me. 260, 37 Am. Dec. 49, in which the court held: "It has been objected, that these lands may have been devised by Joy, which may have prevented a descent to the heirs. But an estate in fee, upon the decease of the ancestor, is presumed to descend, in pursuance of the laws of inheritance, unless the descent is shown to have been intercepted by a devise."

If citation of cases is necessary, we think these cases dispose of the question presented here, and that of neces-

sity these courts have correctly announced the rule. It was not necessary for the complainant in the court below to show that her ancestor died intestate.

Section 1410, Code of 1930, distinctly declares that the survivor and children of the decedent shall acquire title thereto by descent and such heirs at law are specifically declared to be tenants in common as to the exempt homestead.

It is contended that the record of the deed executed by Andrew Smith to his wife, offered in evidence, is not sufficient to establish the title of the wife to the one-fourth interest therein conveyed, because subsequent to that time a plea of non est factum was filed in connection with and as a part of the answer to the amended bill. In the first place the filing of the plea of non est factum long subsequent to the hearing of the case by the chancellor was not in pursuance of the agreement. It was in addition to the statement of counsel that she would deny everything. If a plea of non est factum was relied upon, then and there counsel for appellants should have apprised the court of that fact, and, if the court permitted the trial to proceed, then the proof should have been adjusted to the pleadings stated. We think the agreement did not contemplate the filing of a plea of non est factum. The record of the deed went in with a general objection. We think it was subject only at that time to the objection that perhaps a certified copy of the record should have been offered instead of the record in the clerk's office, but this point was not made there, nor is it made here. The objection is simply urged on the ground that a plea of non est factum, subsequently filed, made her general objection good. Another answer is that the trial court must be advised of the specific ground of objection, otherwise general objections usually would not be noticed here, unless it could be said that in no event would the evidence be competent.

It is next urged that there is some evidence tending to establish that a deed had been forged by Tempie Smith and a preacher. In the state of this record we think the chancellor was warranted in holding that the deed as recorded was not overturned by this testimony. The chancellor was warranted in believing that the deed offered was genuine.

It is next urged that the court below erred in allowing one hundred fifty dollars by way of permanent improvements. The record shows that these improvements were for a bathroom and fixtures placed in the house occupied by these negroes some time in 1923, and that they cost approximately one hundred fifty dollars when new and placed in the building, but the evidence further shows that these fixtures and improvements were practically worthless at the date of the trial, and there was no effort on the part of the complainant in the court below to show that the property was enhanced in value by permanent improvements, so we do not think the evidence in anywise warrants the allowance of this claim for one hundred fifty dollars.

On the cross-appeal it is alleged that the court erred in holding that complainant did not acquire title to a one-fourth interest by the deed of the husband without the wife joining therein, it being a homestead. The case of Chatman v. Poindexter, 101 Miss. 496, 58 So. 361, sets at rest this question, in which it is held that, in a conveyance such as the one here before us, the deed as between the husband and wife is good and valid, but is not valid as to any other grantees where the wife does not join therein, and where the property conveyed is the homestead. So, the wife acquired a one-fourth interest by the deed, and Ella Stanley took nothing in virtue thereof.

Cross-appellant insists that, because Ella Stanley had a room in this house, a part of the homestead, and occupied same she is entitled to claim the one-fourth interest with the void deed as color of title and her occupancy as

adverse possession. Counsel cites no authority to sustain this position, and we think the proof shows that the husband and wife and stepdaughter, the complainant in the court below, occupied the house together, and we know of no authority anywhere holding that there can be hostile and exclusive possession under such conditions, neither could there be an estoppel in this state of facts. We cannot conceive of a case where exclusive hostile possession could arise in favor of one as against the others where all occupied the same house under the same roof, especially as in this case where no evidence of any exclusive possession is attempted to be shown.

We are of the opinion that the court below correctly decreed the respective interests of the parties to this litigation. We are further of the opinion that the court below erred in allowing the complainant anything by way of improvements, and to that extent and on that item the decree of the court below is reversed, and a judgment is entered here. But, as a sale of the lands was ordered by the court below, the case will be remanded to the lower court in order that the sale may be had and the decree of the court in that respect complied with.

Reversed as to the decree in the court below for improvements; in all other respects affirmed, and cause remanded.