517 So.2d 571 (1987)
Wayne M. WARD and Joyce McCauley
v.
Wendell WARD and Emma Ward.
No. 57717.
Supreme Court of Mississippi.
December 16, 1987.
Jerry O. Terry, Greaves, Terry & Sheely, Gulfport, for appellants.
Crockett Lindsey, Lindsey & Wood, Gulfport, for appellees.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
When Chancellor William L. Stewart of the First Judicial District of Harrison County, Mississippi, granted Wendell and Emma Ward's motion for summary judgment, he affirmed as a valid conveyance to Wendell and Emma Ward, a deed from Jesse M. Ward dated March 11, 1982.
In 1965 Jesse M. Ward had taken one Amelia Brent to be his wife and had occupied the property in question with Amelia as their homestead. On May 13, 1971, Amelia gave a quitclaim deed to Jesse which described the grant as "all my right, title and interest that I have or may have in the future" and this "includes any homestead rights." This deed was not recorded until September 26, 1985, after the death of Jesse Ward.
*572 However, on March 11, 1982, Jesse executed and delivered to Wendell and Emma Ward a warranty deed describing the same property, subject to the reservation of a life estate. Amelia did not sign this deed. Furthermore, this deed was not recorded until September 4, 1985.
Jesse and Amelia continuously lived on the property and without deference to the execution of the 1971 or 1982 deeds, continued to file declarations of homestead. The last homestead declaration was made with the Harrison County Tax Assessor on January 17, 1985.
Jesse Ward died on September 3, 1985, leaving Amelia, his widow, and Wendell, Wayne and Joyce, his surviving children. After Jesse's death, Amelia's quitclaim deed of fourteen (14) years earlier was recorded; Jesse's deed of three (3) years earlier to Wendell and Emma was recorded; and new instruments, a quitclaim from Amelia to Wendell and Emma was executed and recorded, and an affidavit of Amelia was recorded stating that the deed from Jesse to Wendell and Emma was in fact delivered on March 11, 1982.
Wayne Ward and Joyce Ward McCauley filed their complaint to cancel the deed of March 11, 1982, from Jesse to Wendell and Emma Ward. The basis of their complaint is the prohibition set forth in Section 89-1-29, Mississippi Code Annotated (Supp. 1986). It is their contention that since the property was occupied and declared to be the homestead of Jesse and Amelia and since Amelia did not join in the conveyance, the conveyance was invalid.
The chancellor granted summary judgment finding that a wife can make a valid deed conveying her homestead to her husband or can completely abandon her homestead rights at any time. Further, the chancellor found that by Amelia's deed of May 17, 1971, Jesse Ward received all of Amelia's title to the property, "unencumbered by any right of homestead." In his findings the chancellor relied upon Smith v. Stanley, 159 Miss. 720, 132 So. 452 (1931), and Williams v. Green, 128 Miss. 446, 91 So. 39 (1922).
The chancellor entered the summary judgment incorrectly and improperly relied on the cases of Williams v. Green, supra, and Smith v. Stanley supra. Standing alone Williams v. Green and Smith v. Stanley do serve as authority in upholding the validation of the quitclaim deed executed by Amelia to Jesse. However, they are not authority for the proposition that the provisions of Section 89-1-29, Mississippi Code Annotated (1972), are therefore inapplicable to Jesse's deed of March 11, 1982, in which he tried to convey the property to Wendell and Emma Ward.
While Section 89-1-29, Mississippi Code Annotated (1972), does not give the wife any property right or ownership, it does give her at least a veto power. Scott v. Scott, 73 Miss. 575, 19 So. 589 (1896); and Duncan v. Moore, 67 Miss. 136, 7 So. 221 (1890).
In Gatti v. New Orleans Railway & Mill  Supply Co., 77 Miss. 754, 27 So. 601 (1900), this Court held that a woman who had no title to her husband's property may convey to him all her right or interest in this homestead property. It was not until 27 years later in Williams v. Green, 128 Miss. 446, 91 So. 39 (1922), that this Court dropped the other shoe and held that thereafter a husband may not circumvent the statute and convey the homestead to a third party without the wife's signature.
Mississippi Code Annotated, § 89-1-29 (Supp. 1986), states in pertinent part:
A conveyance, mortgage, deed of trust or other encumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner be married and living with the spouse... .
Therefore the statute mandates that any conveyance of that homestead without the joinder of both spouses is invalid. We have consistently held that such a conveyance is null and void "as to both the husband and wife." Hughes v. Hahn, 209 Miss. 293, 46 So.2d 587, 589 (1950). See also, Goodwin v. McMurphy, 435 So.2d 639 (Miss. 1983); Stockett v. Stockett, 337 So.2d 1237 (Miss. 1976); Gilmer v. Freeman, 336 So.2d 717 *573 (Miss. 1976); Hendry v. Hendry, 300 So.2d 147 (Miss. 1974).
The issue is not whether the husband and wife may convey either of their homestead interests to one another, but whether after such a conveyance, if the grantor spouse remains on the homestead, may the grantee spouse reconvey the homestead property to a third party without the joinder of the grantor spouse? The answer is no.
Smith v. Stanley, 159 Miss. 720, 132 So. 452 (1931), and Williams v. Green, 128 Miss. 446, 91 So. 39 (1922), stand for no more than the proposition that a spouse may convey to another spouse his or her interest in the homestead property. Any further reliance upon Green, is misplaced. The ruling in Green is as follows:
It is a general principle that a person cannot be both grantor and grantee in a deed, and, as the purpose of the statute in requiring the wife to join when the husband owns a homestead, or the husband to join when the wife owns a homestead, or to protect the homestead or the homestead rights, there would be no necessity for such joinder in cases of conveyance between husband and wife, because neither could reconvey to a third party without the joinder of the other. (Emphasis added).
Green, 91 So. at 40.
Obviously a wife may convey any interest or right she has in the homestead to her husband, however the statutory mandate still applies to any conveyance by the husband to a third party.
Our legislature has chosen to place a restriction on the transfer or encumbrance of homesteads and therefore, homesteads in Mississippi may not be alienated except in compliance with those restrictions. There can be no operative conveyance or effectual release of the exemption unless the method pointed out by the statute is pursued with strictness and no requirement of the statute may be waived by the husband and wife or by either of them. Chancery will not interfere to give relief where by express law there is a limitation on the power of alienation of the homestead and the final relief sought is merely to relieve that limitation.
Mississippi has such an express law which prohibits the transfer of homestead property without the signature of both the husband and the wife.
Therefore in granting the summary judgment and dismissing the complaint, and by finding that Jesse Ward could transfer the homestead property to Wendell Ward and Emma Ward without his wife Amelia joining in the conveyance of the homestead, the chancellor made an error of law. No spouse may convey homestead property to third parties during the lifetime of the spouse without that spouse joining in the conveyance. Therefore, the conveyance from Jesse Ward to Wendell and Emma Ward is absolutely void and the judgment of the chancery court below is reversed. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.