# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-01217-SCT

*JULIA L. KELLY*

*v.*

*OCWEN LOAN SERVICING LLC, JENNIFER L. SHACKELFORD, LIBERTY HOME EQUITY SOLUTIONS, INC. AND PROFESSIONAL SERVICES OF POTTS CAMP, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/2020 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| TRIAL COURT ATTORNEYS: | KEVIN E. GAY |
| | ROBERT F. STACY, JR. |
| | REBECCA ADELMAN |
| | JOHN THOMAS LAMAR, III |
| | TAYLOR A. HECK |
| | STEVIE F. RUSHING |
| COURT FROM WHICH APPEALED: | TATE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TAYLOR A. HECK |
| | JOHN T. LAMAR, JR. |
| ATTORNEYS FOR APPELLEES: | KEVIN E. GAY |
| | MICHAEL S. McKAY |
| | ROBERT F. STACY, JR. |
| | STEVIE F. RUSHING |
| | CLARENCE WEBSTER, III |
| | REBECCA ADELMAN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 12/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     This matter comes before the Court on appeal from an order of the Chancery Court of Tate County granting the summary-judgment motion filed by Ocwen Loan Servicing, LLC (Ocwen), and the motions to dismiss filed by Jennifer L. Shackelford (Shackelford), Liberty Home Equity Solutions, Inc. (Liberty), and Professional Services of Potts Camp, Inc. (Potts Camp).  As to the summary-judgment motion, the chancery court granted that motion on the grounds that the deed under which Julia L. Kelly asserts her property interest is a void conveyance as to Kelly under long-standing homestead law as codified in Mississippi Code Section 89-1-29 (Rev. 2011).  As to the motions to dismiss, the chancery court granted those motions due to its determination that Kelly's claims were time-barred by the relevant statutes of limitation.  After review, we affirm chancery court's order.

**FACTS AND PROCEDURAL HISTORY**

¶2.     This case involves multiple transactions concerning the same piece of property.  In 1993, Harvey L. Lamb and his wife, Idele H. Lamb, conveyed 390 Sycamore Road, Coldwater, Mississippi (the Subject Property), to their son, Harvey D. Lamb (Lamb), via warranty deed (the 1993 Warranty Deed).  After this, Lamb lived on this property with his wife, Sydney J. Lamb.

¶3.     Years later, in March 2010, Lamb executed a "Warranty Deed With Restriction" (the 2010 Warranty Deed) that conveyed the Subject Property to him and his wife, Sydney, "for their lifetime, with the remainder at their death or revocation of life estate, to their daughter, Julia L. Kelly[.]"  At the time of this conveyance, the Subject Property was the  homestead

2

of Lamb and Sydney. Sydney, however, never joined in the execution of the 2010 Warranty Deed.

¶4. At some point after the 2010 Warranty Deed, Lamb and Sydney divorced. In connection with their divorce, Sydney executed a "Quit Claim Deed & Relinquishment of Life Estate" (the 2012 Quitclaim Deed) in May 2012. This deed stated that "I, Sydney J. Lamb . . . do hereby Grant, Bargain, Sell, Convey, and Warrant unto Harvey D. Lamb . . . any right, title, claim or interest which I might have in [the Subject Property.]"

¶5. In May 2015, Lamb received a reverse mortgage from Liberty. In exchange, Lamb executed a "Fixed Rate Home Equity Conversion Deed of Trust" (the 2015 Deed of Trust) in favor of Liberty, which encumbered the Subject Property. The trustee under the 2015 Deed of Trust was Shackelford. At that time, Kelly was not aware of the 2015 Deed of Trust.[1]

¶6. Lamb died on November 30, 2017. Kelly was Lamb's sole heir, and she was appointed administratrix of his estate. In January 2018, Liberty assigned the 2015 Deed of Trust to Ocwen.

¶7. The legal proceedings in this case began on March 11, 2019, when Ocwen initiated its lawsuit. Ocwen alleged that Lamb was in default under the 2015 Deed of Trust and that the loan had been accelerated. Thus, Ocwen filed its complaint against Kelly, Lamb's sole

---

[1] Potts Camp prepared the 2010 Warranty Deed, the 2012 Quitclaim Deed, and the 2015 Deed to Trust.

heir, and Shackelford, trustee of the 2015 Deed of Trust. Ocwen's claim sought a declaratory judgment that the conveyance to Kelly under the 2010 Warranty Deed was void because Sydney did not join in it and that the conveyance should be set aside as a cloud on title. Alternatively, Ocwen sought relief under the doctrine of equitable subrogation, that is, Ocwen is entitled to a lien against the Subject Property by virtue of the 2015 Deed of Trust. Ocwen's complaint ultimately sought to foreclose on the Subject Property.

¶8. On June 24, 2019, Kelly answered Ocwen's complaint, filed a counterclaim against Ocwen and a cross-claim against Shackelford. Kelly also sought to add Liberty and Potts Camp as third-party defendants under Mississippi Rule of Civil Procedure 14, which the chancery court permitted. Specifically, Kelly brought the following claims against the other four parties: (1) negligence, negligent misrepresentation, negligent infliction of emotional distress, slander of title, unjust enrichment, abuse of process and libel against Ocwen; (2) negligence, negligent misrepresentation, negligent infliction of emotional distress, slander of title and breach of fiduciary duty against Shackelford; (3) negligence, negligent misrepresentation, negligent infliction of emotional distress, slander of title and unjust enrichment against Liberty; and (4) negligence, negligent misrepresentation, negligent infliction of emotional distress and slander of title against Potts Camp.[2]

---

[2] Aside from these claims that are listed in Kelly's answer, counterclaim, cross-claim, and third-party claim filing, it appears from the record that Kelly alleged that the conveyance to her under the 2010 Warranty Deed is valid and, therefore, Liberty, and thus Ocwen, wrongfully encumbered the Subject Property under the 2015 Deed of Trust. In the alternative, if that conveyance is found invalid, Kelly requested that the chancery court find

4

¶9.     Each of the four parties against whom Kelly filed claims filed dispositive motions. Ocwen filed a motion for summary judgment arguing that since Sydney never joined in the 2010 Warranty Deed conveyance to Kelly, that conveyance is void and must be set aside. Ocwen asserted that the 2015 Deed of Trust is valid and that it may foreclose on the Subject Property. Also, Shackelford, Liberty and Potts Camp each filed respective motions to dismiss Kelly's claims. These parties each argued that Kelly's claims were time-barred by the statute of limitations.

¶10.    After a hearing, the chancery court granted the motion for summary judgment and the motions to dismiss. As to the motions to dismiss filed by Shackelford, Liberty and Potts Camp, the chancery court determined that all of Kelly's claims were barred by the relevant statute of limitations. Specifically, the chancery court found that Kelly's claims of negligence and negligent misrepresentation fell under the general three-year statute of limitations. Miss. Code Ann. § 15-1-49(1) (Rev. 2019).[3] The chancery court found that Kelly's claims of slander of title fell under a one-year statute of limitations. Miss. Code Ann. § 15-1-35 (Rev. 2019).[4] The chancery court found that "[a]ll of the claims against

---

that Potts Camp and Shackelford are liable for drafting the 2010 Warranty Deed without Sydney's signature and also for not discovering a cloud on title when issuing the reverse mortgage in connection with the 2015 Deed of Trust.

[3] "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (1).

[4] "All actions for . . . slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such

[Shackelford, Liberty and Potts Camp] stem from the preparation and recording of [three] deeds." The chancery court further determined that these "[three] deeds were recorded on March 18, 2010, May 14, 2012, and June 8, 2015." Kelly, however, did not bring her claims until October 28, 2019. Therefore, the chancery court found that the applicable one-year and three-year statutes of limitation had expired.

¶11. As to Ocwen's motion for summary judgment, the chancery court found that "[t]his whole matter hinges on whether the 2010 Warranty Deed that Harvey D. Lamb executed to Julia Kelly was valid or void." The chancery court determined that at the time of the 2010 Warranty Deed, the Subject Property was the homestead of Lamb and Sydney and that "[Lamb] failed to have Sydney sign the [2010] Warranty Deed conveying property to Julia Kelly." The chancery court then looked to the controlling statute, Section 89-1-29, and determined that "[t]his is a clear, unambiguous statute. Thus, we must apply its plain meaning." (quoting *Countrywide Home Loans, Inc. v. Parker*, 975 So. 2d 233, 234 (Miss. 2008)). Pursuant to Section 89-1-29, the chancery court found that "Mr. Lamb's conveyance of the property in 2010 to Julia Kelly was a void conveyance due to his failure to have Sydney Lamb sign the deed as well." By granting Ocwen's motion, the chancery court determined that Ocwen is entitled to (1) a finding that the conveyance to Kelly under the 2010 Warranty Deed is void, (2) a finding that the 2015 Deed of Trust is valid and (3) that Ocwen has the right to foreclose on the Subject Property.

_____

action accrued, and not after." Miss. Code Ann. § 15-1-35.

¶12.    Aggrieved by the chancery court's ruling, Kelly appealed to this Court.

## ISSUES PRESENTED

I.    Whether the chancery court erred by granting Ocwen's motion for summary judgment because the 2010 Warranty Deed was a void conveyance as to Kelly.

II.    Whether the chancery court erred by granting Shackelford's, Liberty's and Potts Camp's motions to dismiss because Kelly's claims were barred by the statute of limitations.

## STANDARD OF REVIEW

¶13.    "This Court employs a *de novo* standard of review when considering a trial court's grant or denial of summary judgment." *Hobson v. Chase Home Fin., LLC*, 179 So. 3d 1026, 1033 (Miss. 2015) (citing *WW, Inc. v. Rainbow Casino-Vicksburg P'ship, L.P.*, 68 So. 3d 1290, 1292 (Miss. 2011)).  A trial court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*  (quoting *WW, Inc.*, 68 So. 3d at 1292).  "The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists."  *Id.* (quoting *WW, Inc.*, 68 So. 3d at 1292).

¶14.    "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a claim. . . . Therefore, we review de novo the denial of a motion to dismiss for failure to state a claim." *Bowden v. Young*, 120 So. 3d 971, 975 (Miss. 2013) (quoting *Child.'s Med. Grp., P.A. v. Phillips*, 940 So. 2d 931, 933 (Miss. 2006)).  "A motion to dismiss under the rule should not

7

be granted unless, taking the factual allegations of the complaint as true, 'it appears beyond any reasonable doubt that the non movant can prove no set of facts in support of the claim which would entitle them to relief.'" *Id.* (quoting ***Rein v. Benchmark Constr. Co.***, 865 So. 2d 1134, 1142 (Miss. 2004)).

## DISCUSSION

I.    **Whether the chancery court erred by granting Ocwen's motion for summary judgment because the 2010 Warranty Deed was a void conveyance as to Kelly.**

¶15.    The chancery court determined that the conveyance to Kelly under the 2010 Warranty Deed was void pursuant to Section 89-1-29, which states, in relevant part, "[a] conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney in fact for the spouse." Miss. Code Ann. § 89-1-29. Kelly admits that Sydney never joined in the execution of the 2010 Warranty Deed. Nonetheless, Kelly still argues that her interests under that conveyance are valid because the purpose of Section 89-1-29 was fulfilled. Ocwen argues that Section 89-1-29 is clear and unambiguous and that its plain meaning renders Kelly's conveyance void.

¶16.    Kelly argues that the purpose of Section 89-1-29 is fulfilled. She cites ***Grantham v. Ralle***, for support:

> It is to be noted that these homestead provisions first were listed in the Code of 1880 primarily as a protection for the wife in lieu of dower which had been abolished by statute. *The basic purpose was, of course, to prevent her husband from conveying or encumbering the homestead without the consent of his wife,*

and the effect was to avoid any attempt to so convey the homestead.

*Grantham v. Ralle*, 248 Miss. 364, 158 So. 2d 719, 724 (1963) (emphasis added).  Kelly

contends that Section 89-1-29 only contemplates a present conveyance or encumbrance.

Thus, Kelly argues that "[t]he basic purpose" of the statute was fulfilled because Lamb did

not *at present* convey or encumber "the homestead without the consent of his wife [.]"  *Id.*

¶17.    While Kelly argues that Section 89-1-29 only contemplates present conveyances and

encumbrances, this Court, however, has held that Section 89-1-29 "is a clear, unambiguous

statute . . . . [and that] we must apply its plain meaning."  *Parker*, 975 So. 2d at 234 (citing

*Richmond v. City of Corinth*, 816 So. 2d 373, 377-78 (Miss. 2002)).  Moreover, this Court

has also held that "[t]he cases are legion construing [Section 89-1-29] to mean that a

conveyance of homestead without a spouse joining in the execution of the deed is absolutely

void."  *Welborn v. Lowe*, 504 So. 2d 205, 207 (Miss. 1987).

¶18.    In *Ward. v. Ward*, 517 So. 2d 571, 572 (Miss. 1987), a case very similar to this case,

a husband conveyed property to his son and to his son's wife and retained a life estate for

himself.  While this property was the homestead of the husband and of the husband's wife,

the husband's wife never joined in the husband's conveyance.  *Id.*  This Court invalidated

the husband's conveyance to the son and to his son's wife because

> [Section 89-1-29] mandates that *any conveyance* of that homestead without the
> joinder of both spouses is invalid.  We have consistently held that such a
> conveyance is null and void "as to both the husband and wife."  *Hughes v.
> Hahn*, 209 Miss. 293, 46 So. 2d 587, 589 (1950). *See also*, *Goodwin v.
> McMurphy*, 435 So. 2d 639 (Miss. 1983); *Stockett v. Stockett*, 337 So. 2d
> 1237 (Miss. 1976); *Gilmer v. Freeman*, 336 So. 2d 717 (Miss. 1976); *Hendry*

9

*v. Hendry*, 300 So. 2d 147 (Miss. 1974).

*Ward*, 517 So. 2d at 572–73 (emphasis added). This Court went on to say that

> The issue is *not* whether the husband and wife may convey either of their homestead interests to one another, but whether after such a conveyance, if the grantor spouse remains on the homestead, may the grantee spouse reconvey the homestead property to a third party without the joinder of the grantor spouse? The answer is no.

*Id.* at 573.

¶19. Again, Kelly argues that Section 89-1-29 only contemplates those conveyances "to a third party that will affect the spouse's property rights during their lifetime." As alluded to above, however, *Ward* held that a similar conveyance under which the son and the son's wife would not take possession until the termination of the husband's life estate was invalid because the husband's wife failed to join that conveyance. *Id.* Accordingly, we conclude that Kelly's conveyance argument is without merit. Instead, as this Court has said time and time again, if a spouse desires to convey homestead property to a third party, then both spouses must join in that conveyance. *Id.*; *Welborn*, 504 So. 2d at 207 ("[A] conveyance of homestead property without a spouse joining in the execution of the deed is absolutely void.").[5]

---

[5] We note that a spouse may convey interest in a homestead property to the other spouse, and such a transaction is permissible without both spouses joining in that conveyance. *See Ward*, 517 So. 2d at 573 ("Obviously a wife may convey any interest she has in the homestead to her husband, however the statutory mandate still applies to any conveyance by the husband to a third party."); *see also Smith v. Stanley*, 159 Miss. 720, 132 So. 452, 454 (1931) ("[I]n a conveyance such as the one here before us, the deed as between the husband and wife is good and valid, but is not valid as to any other grantees where the

¶20.   Therefore, since Sydney did not join in the third-party conveyance to Kelly, that conveyance is void.  For that reason, the chancery court did not err by granting Ocwen's motion for summary judgment.  The 2015 Deed of Trust is valid because Lamb had full ownership of the Subject Property at the time.  Thus, Ocwen has the right to foreclose on the Subject Property.

  **II.** **Whether the chancery court erred by granting Shackelford's, Liberty's and Potts Camp's motions to dismiss because Kelly's claims were barred by the statute of limitations.**

¶21.   Shackelford, Liberty and Potts Camp filed motions to dismiss under Mississippi Rule of Civil Procedure 12(b)(6), arguing that Kelly's claims were time-barred by the statute of limitations.  The chancery court granted their motions to dismiss and found that Kelly's negligence claims had expired under Section 15-1-49 and that Kelly's slander-of-title claim had expired under Section 15-1-35.  Kelly argues that since "the crux of her pleadings is that the [2015] Deed of Trust is a cloud on her title to the [Subject Property]," then her claims are subject to the ten-year statute of limitations for actions to recover land under Mississippi Code Sections 15-1-7 (Rev. 2019)[6] and 15-1-9 (Rev. 2019)[7].  *See **Lott v. Saulters**,* 133 So.

wife does not join therein, and where the property conveyed is the homestead.").

  [6] In relevant part, this statute provides:

   A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person

11

3d 794, 799 (Miss. 2014) ("Actions to recover land are subject to the ten-year statute of limitations found in Mississippi Code Sections 15-1-7 and 15-1-9.").

¶22.   In *Lott v. Saulters*, 133 So. 3d 794, 797 (Miss. 2014), a brother sued his mother and his sister, seeking to set aside his mother's deed to his sister of property that the mother had previously conveyed to brother.  In addition, the brother also "request[ed.] damages for the breach of warranty deed and punitive damages for all of the other wrongful conduct alleged in the complaint, including the . . . allegations, detrimental reliance, gross negligence, duress and undue influence, breach of fiduciary duty, bad faith, and conversion."  *Id.* at 803. Regarding those additional claims, the Court held that

> Each of these claims falls under the three-year statute of limitations contained in Section 15-1-49 as "actions for which no other period of limitation is prescribed," which are to "be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (Rev. 2012).

*Id.*  Thus, while the Court concluded "that [the brother's] action to set aside the deed to [his

---

making or bringing the same.

Miss. Code. Ann. § 15-1-7.

[7] In relevant part, this statute provides:

> A person claiming land in equity may not bring suit to recover the same except within the period during which, by virtue of Section 15-1-7, he might have made an entry or brought an action to recover the same, if he had been entitled at law to such an estate, interest, or right in or to the same as he shall claim therein in equity.

Miss. Code. Ann. § 15-1-9.

12

sister], remove cloud on his title, and quiet title to the disputed property" fell under the ten-year statute of limitations, the brother's other claims did not fall under that statute of limitations because those claims were not actions to recover land. *Id.*

¶23. Here, Kelly makes no claim that would amount to an action to recover land.[8] Instead, she alleged various claims of negligence and a slander-of-title claim. Thus, like the additional claims made by the brother in *Lott*, Kelly's claims fall under Section 15-1-49 or Section 15-1-35, respectively. *Id.* Therefore, this Court concludes that the chancery court did not err by finding that the three-year statute of limitations under Section 15-1-49 applies to Kelly's negligence claims and that the one-year statute of limitations under 15-1-35 applies to Kelly's slander-of-title claim.

¶24. Regardless of which statute of limitations applies, Kelly alternatively argues that her claims did not accrue until Ocwen sued her on March 11, 2019. Kelly asserts that she had no cause of action at the time the deeds were recorded because she had not yet suffered damage, a necessary element required for her claims, she argues. For this reason, Kelly contends that she had no cause of action until Ocwen sued her because only then did she suffer damage.

¶25. This Court, however, has held that "statutes of limitation begin to run as soon as there is a cause of action." *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (Miss. 2001) (citing

---

[8] Each claim Kelly made against the other parties is referenced in the facts-and-procedural-history section of this opinion.

13

*Aultman v. Kelly*, 236 Miss. 1, 109 So. 2d 344, 346 (1959)).  And in regards to actions stemming from deeds, "the statute of limitation begins to run *on the date the deed in question was filed.*"  *Id.*  (emphasis added) (citing *Aultman*, 109 So. 2d at 347); *see also Lott*, 133 So. 3d at 803 ("[The brother] provides no argument for . . . why the statute of limitations did not begin to run on these claims as of October 24, 2001[,]" the date the brother recorded his deed.).

¶26.    As the chancery court found, we conclude that "[a]ll of the claims against [Shackelford, Liberty and Potts Camp] stem from the preparation and recording of [three] deeds."  Here, the 2010 Warranty Deed was recorded on March 18, 2010, the 2012 Quitclaim Deed was recorded on May 14, 2012, and the 2015 Deed of Trust was recorded on June 8, 2015.  The statute of limitation begins to run when a deed is recorded.  *See Millette*, 797 So. 2d at 875; *see also Lott*, 133 So. 3d at 803.  Accordingly, that latest date that the statute of limitations could begin to run is, June 8, 2015, the day the 2015 Deed of Trust was recorded.  Here, Kelly's claims were not brought until October 28, 2019.  For these reasons, we conclude that the chancery court did not err by finding that Kelly's slander- of-title claim expired in June 2016 under the one-year statute of limitations of Section 15-1-35 and that her negligence claims expired in June 2018 under the three-year statute of limitations of Section 15-1-49.  Therefore, the chancery court did not err by granting Shackelford's, Liberty's and Potts Camp's motions to dismiss.

**CONCLUSION**

¶27. For the reasons stated, this Court concludes that the chancery court did not err by granting Ocwen's motion for summary judgment. We also conclude that chancery court did not err by granting the motions to dismiss filed by Shackelford, Liberty and Potts Camp. Therefore, we affirm the order of the Chancery Court of Tate County.[9]

¶28. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[9] Liberty raised two other issues in support of affirming the chancery court. These issues are moot in light of the disposition.