# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00361-SCT

*WW, INC. d/b/a WEIGHT WATCHERS OF*
*GREATER MISSISSIPPI, BJM, INC. d/b/a*
*WEIGHT WATCHERS OF SOUTHERN ALABAMA*
*AND FLORIDA PANHANDLE*

*v.*

*RAINBOW CASINO-VICKSBURG PARTNERSHIP,*
*L.P. AND BALLY TECHNOLOGIES, INC.*


DATE OF JUDGMENT: 01/25/2010
TRIAL JUDGE: HON. TOMIE T. GREEN
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT
FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANTS: WILSON H. CARROLL
ROBERT S. MINK
ATTORNEYS FOR APPELLEES: QUINBY HILLMAN BRELAND, IV
WILLIAM L. SMITH
NATURE OF THE CASE: CIVIL - TORTS - OTHER THAN PERSONAL
INJURY & PROPERTY DAMAGE
DISPOSITION: AFFIRMED - 09/08/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


## BEFORE DICKINSON, P.J., LAMAR AND KITCHENS, JJ.

## KITCHENS, JUSTICE, FOR THE COURT:

¶1. In this appeal, we are asked to determine whether the statute of limitations barred an action against a casino for its alleged involvement in an embezzlement scheme. Finding that the plaintiff failed to provide any evidence of fraudulent concealment by the casino, we agree with the trial court that the statute of limitations had run at the time the suit was filed.

Furthermore, because the plaintiff did not properly request a continuance for further discovery, we affirm the trial court's grant of summary judgment in favor of the defendants.

**Facts**

¶2.    On December 5, 2005, Weight Watchers[1] discovered that its bookkeeper, Dianne Belk, had embezzled nearly $1,000,000 from the business over a six-year period. Belk embezzled the money by writing checks to herself from Weight Watchers accounts. She concealed her writing of unauthorized checks by inputting legitimate vendors' names in the computerized bookkeeping system as the ostensible payees. However, Belk would type her name as payee on the paper checks. Belk then would cash the checks at local banks and casinos, including the Rainbow Casino, and she often would gamble with the embezzled money. Belk reported her winnings to the Internal Revenue Service via W-2G forms provided by the casino, and she paid taxes on those winnings. According to the complaint, Belk lost roughly $240,000 of the stolen funds to Rainbow Casino.

¶3.    On January 9, 2009, more than three years after first learning of Belk's embezzlement activities, Weight Watchers filed suit in the Hinds County Circuit Court, First Judicial District, against Dianne Belk, Robert F. Belk, Jr. (Dianne's husband), Rainbow Casino-Vicksburg Partnership, L.P., Bally Technologies Inc. (the casino's management company), and five John Doe defendants. Weight Watchers' claims against Rainbow Casino and Bally

---

[1] In this opinion, "Weight Watchers" jointly refers to both plaintiffs, that is, WW, Inc., doing business as Weight Watchers of Greater Mississippi, and BJM Inc., doing business as Weight Watchers of Southern Alabama and Florida Panhandle.

2

Technologies (hereinafter collectively referred to as "Rainbow" or "the casino") were based on fraud, unjust enrichment, conversion, and negligence. Rainbow moved for summary judgment, arguing that the three-year statute of limitations had begun to run, at the latest, on December 5, 2005, the day Weight Watchers first learned that Belk had been cashing unauthorized checks at the casino. Rainbow also argued, in the alternative, that summary judgment was appropriate because the casino was a holder in due course and that it did not have a legal duty to investigate the circumstances surrounding issuance of the checks.

¶4. Weight Watchers countered that Rainbow fraudulently concealed its participation in Belk's illegal enterprise by providing her the W-2G forms, and that Weight Watchers could not have known of Rainbow's wrongful conduct until its receipt of Belk's federal tax returns on January 16, 2006, within three years of its having filed suit. Weight Watchers also argued that Rainbow was not a holder in due course because it had not acted in good faith when cashing the checks. In the alternative, Weight Watchers argued that summary judgment was premature because discovery was incomplete; but it did not file an affidavit as required by Mississippi Rule of Civil Procedure 56(f).

¶5. The trial court granted Rainbow's motion, rejecting Weight Watchers' fraudulent concealment argument and finding that the action was barred by the three-year statute of limitations under Mississippi Code Section 75-3-118(g) (Rev. 2002). The order did not address the plaintiff's argument that summary judgment was premature or the defendants'

argument that the casino was a holder in due course.[2] On appeal, Weight Watchers argues that the trial court erred in granting summary judgment, because Rainbow's fraudulent concealment and the continuing tort doctrine tolled the statute of limitations.[3] In the alternative, Weight Watchers asks this Court to reverse and remand, finding that summary judgment was premature.

**Discussion**

¶6. "When reviewing a trial court's grant or denial of summary judgment, this Court applies a *de novo* standard of review." ***Anderson v. Alps Automotive, Inc.***, 51 So. 3d 929, 931 (Miss. 2010). A motion for summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. ***Bennett v. Hill-Boren, P.C.***, 52 So. 3d 364, 368 (Miss. 2011). Thereafter, "[t]he non-moving party must produce specific facts showing that there is a genuine material issue for trial." ***Van v. Grand Casinos of Miss., Inc.***, 767 So. 2d 1014, 1018 (Miss. 2000).

> *I. Weight Watchers did not allege any conduct on the part of Rainbow that would have tolled the statute of limitations.*

---

[2] The order was certified final as to Rainbow and Bally pursuant to Mississippi Rule of Civil Procedure 54(b). Thus, they are the only defendants on appeal.

[3] In a separate issue, Weight Watchers makes a "discovery rule" argument; but it is, in fact, the same as its argument for fraudulent concealment.

¶7. Mississippi Code Section 15-1-67 (Rev. 2003) sets forth the rule regarding fraudulent concealment:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Weight Watchers argues, as it did below, that Rainbow fraudulently concealed its involvement by issuing tax forms to Belk that falsely represented Belk had won the money from the casino. Thus, Weight Watchers argues that it could not have known a cause of action against Rainbow existed until it received Belk's federal tax returns on January 13, 2006.

¶8. However, assuming *arguendo* that the casino committed some wrong by issuing the tax forms, this did not serve to conceal any cause of action from the plaintiff. It is undisputed that Weight Watchers knew on December 5, 2005, that Belk had cashed many of the unauthorized checks at the Rainbow Casino. While the tax forms may have helped Belk conceal her illegal activity from the Internal Revenue Service, Weight Watchers does not explain how the tax forms would have prevented its discovering Rainbow's alleged involvement in Belk's crimes. Therefore, we agree with the trial court that the plaintiff has not alleged any fraudulent conduct that would have concealed a cause of action.

> *II. The continuing tort doctrine does not aid the plaintiff, because the last tortious action occurred more than three years before the complaint was filed.*

5

¶9. "[W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease." *Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 148 (Miss. 1999) (quoting *Stevens v. Lake*, 615 So. 2d 1177, 1183 (Miss. 1993)). According to Weight Watchers, the last tortious conduct occurred late in 2006 when Belk filed her federal tax return for 2005. We disagree and find that the last injury to Weight Watchers occurred on December 5, 2005, the date Belk cashed her final unauthorized check. As with its fraudulent concealment argument, the plaintiff cannot demonstrate that it was affected by Belk's dealings with the Internal Revenue Service. Thus, the continuing tort doctrine would not operate to toll the applicable statute of limitations beyond December 5, 2008.

*III. Weight Watchers did not properly request a continuance for further discovery.*

¶10. Finally, Weight Watchers argues that it was entitled to conduct further discovery before the summary judgment motion was considered. Mississippi Rule of Civil Procedure 56(f) provides that a party opposing summary judgment may be allowed a continuance if additional discovery is necessary for a response. However, Weight Watchers never filed a Rule 56(f) affidavit with the trial court, and thus, we find that this issue was not preserved for appeal.

**Conclusion**

¶11. Weight Watchers failed to allege any affirmative action on behalf of Rainbow that would have concealed a cause of action. We find that the statute of limitations began to run,

6

at the latest, the day that Belk cashed the last unauthorized check. Because the claim was filed more than three years later, we affirm the trial court's grant of summary judgment in favor of the defendants.

¶12. **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER, PIERCE AND KING, JJ., CONCUR.**