LEE, P.J., for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. John Weaver was injured in an eighteen-wheeler accident while driving a truck for Concert Systems USA, Inc. (Concert Systems). Weaver filed a claim for workers’ compensation benefits, which was disputed by Concert Systems. Concert Systems alleges that it did not fall within the scope of the Mississippi Workers’ Compensation Act (the Act) because Weaver was an independent contractor, and it did not have the required number of employees to be subject to the Act.
 

 ¶ 2. A hearing was held before an administrative law judge (ALJ) to determine the following issues: (1) whether Weaver was an independent contractor or employee, and (2) whether Concert Systems had five or more employees at the time of the accident. The ALJ found that Weaver was an employee of Concert Systems; Concert Systems had at least six regular employees at the time of the accident; and Weaver was injured during the course and scope of his employment. Thus, Weaver was awarded benefits.
 

 ¶ 3. Concert Systems appealed to the Mississippi Workers’ Compensation Commission (Commission). The Commission affirmed the ALJ’s order. Concert Systems then appealed to the Circuit Court of Harrison County. The circuit court affirmed the decision of the Commission.
 

 ¶ 4. Concert Systems now appeals, asserting the following issues: (1) the Commission erred in finding that Weaver was an employee of Concert Systems, and (2) the Commission erred in finding that Concert Systems had the requisite number of employees to be subject to the Act. Finding no error, we affirm the decision of the
 
 *1188
 
 circuit court affirming the Commission’s decision.
 

 FACTS
 

 ¶ 5. In 2004, Weaver began working for Concert Systems as a truck driver on an as-needed basis. Weaver was sixty-seven years old at the time of the hearing. He has experience as a truck driver and brick layer, and he was the executive director of the Gulf Coast labor union. Concert Systems provides equipment, such as lighting and sound systems, for bands. Weaver’s job was to deliver the equipment to the location where a band was to play. Concert Systems provided Weaver with a rented truck, directions, a per diem, and instructions on where to stay along the route. Weaver did not load or unload the truck. On all of his trips, except the trip in which he was injured, a Concert Systems employee rode in the truck with Weaver. Weaver did not have an expectation of employment from one job to the next. Weaver did not provide any of the equipment that he used on the job. Weaver was paid $100 a day during a trip, regardless of whether he drove that day. Concert Systems paid for Weaver’s meals and hotel room. Concert Systems did not withhold taxes or social security from Weaver’s pay, and he was given a Form 1099 for tax purposes.
 

 ¶ 6. Randy Frierson (Frierson) owned Concert Systems. His wife, Candi, worked for the company as the vice president and chief financial officer, along with Dave Drake, the manager; John Beavgez, the office manager; Carol Stone, the bookkeeper; Frierson’s son, Ben; Kelly Gif-ford, who worked with lighting; and Jim Crandall, who worked with sound. Two other employees were also mentioned. As of July 2006, four employees were listed on the payroll register. The payroll register stated: “Employees Paid: 4” and “Active Employees Not Paid: 18.”
 

 ¶ 7. In July 2006, Drake asked Weaver to make a delivery to Tampa, Florida, where Concert Systems moved its base of operations following Hurricane Katrina. Drake also worked for Concert Systems on an as-needed basis. Drake had planned on making the trip to Tampa himself, but he was unable to go. Weaver accepted the job and went on the trip by himself. As he was returning to Gulfport, he was involved in a traffic accident. Weaver has been temporarily totally disabled since the accident. Frierson testified that Weaver did not have his permission to make the trip.
 

 ¶ 8. While driving for Concert Systems, Weaver also drove for Gulf Coast Trucking. Weaver testified that he drove for Concert Systems five or six times in the two years prior to Hurricane Katrina, which occurred in August 2005. The only trip he took after the hurricane was the trip to Tampa in July 2006.
 

 ¶ 9. The ALJ found that Weaver was not a regular, full-time employee, but he was a “casual employee.” The ALJ went on to reason that since Mississippi has no exemption for casual employment, Weaver was covered by the Act. The ALJ’s opinion noted that Weaver lacked any control over the job, and all details of the job were controlled by Concert Systems.
 

 STANDARD OF REVIEW
 

 ¶ 10. The standard of review in workers’ compensation cases is well established. The decision of the Commission will be reversed only if it is not supported by substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law.
 
 Weatherspoon v. Croft Metals, Inc.,
 
 853 So.2d 776, 778 (¶ 6) (Miss.2003) (citing
 
 Smith v. Jackson Constr. Co.,
 
 607 So.2d 1119, 1124 (Miss.1992)). We will
 
 *1189
 
 exercise de novo review on matters of law.
 
 KLLM, Inc. v. Fowler,
 
 589 So.2d 670, 675 (Miss.1991).
 

 DISCUSSION
 

 I. EMPLOYEE STATUS
 

 ¶ 11. Concert Systems argues that Weaver was working as an independent contractor at the time of the injury; thus, he is not entitled to workers’ compensation benefits.
 

 ¶ 12. According to Mississippi Code Annotated section 71 — 3—3(d) (Rev.2000), an employee is “any person ... in the service of an employer under any contract of hire or apprenticeship, written or oral, express or implied, provided that there shall be excluded therefrom all independent contractors ....” An independent contractor is defined as:
 

 any individual, firm or corporation who contracts to do a piece of work according to his own methods without being subject to the control of his employer except as to the results of the work, and who has the right to employ and direct the outcome of the workers independent of the employer and free from any superior authority in the employer to say how the specified work shall be done or what the laborers shall do as the work progresses, one who undertakes to produce a given result without being in any way controlled as to the methods by which he attains the result.
 

 Miss.Code Ann. § 71-3-3(r) (Rev.2000).
 

 ¶ 13. The supreme court has held that “the traditional test of the employer-employee relationship is the right of the employer to control the details of the work.”
 
 Goolsby Trucking Co., Inc. v. Alexander,
 
 982 So.2d 1013, 1024 (¶ 31) (Miss.Ct.App.2008) (quoting
 
 Ray v. Babcock and Wilcox Co.,
 
 388 So.2d 166, 168 (Miss.1980)). The Commission found that Weaver was subject to Concert Systems’ control at all times when he worked for them. The job Weaver performed was an integral part of Concert Systems’ business. Weaver was given instructions on when to leave and arrive, the route to take, and where to spend the night. Concert Systems provided all the equipment used on the job, and .Concert Systems had the right to fire Weaver at any time. Weaver did not have the right to employ any workers. However, Weaver was employed on an as-needed basis and only worked for Concert Systems on occasion. Taxes were not withheld from Weaver’s paycheck. He was paid on a per-diem basis, and Concert Systems paid for his lodging and travel expenses. Also, Weaver held a full-time position with another employer while working for Concert Systems.
 

 ¶ 14. In finding that Weaver was an employee of Concert Systems, the ALJ admitted that this case was “not as clear cut as in some other cases.” However, “workers’ compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficent purposes of the [A]ct may be accomplished.”
 
 McCrary v. City of Biloxi,
 
 757 So.2d 978, 981 (¶ 15) (Miss. 2000) (quoting
 
 DeLaughter v. S. Cent. Tractor Parts,
 
 642 So.2d 375, 379-80 (Miss.1994)). We agree with the Commission and ALJ that, although a close case, Weaver meets the statutory definition of an employee. We find that the Commission’s decision was supported by substantial evidence and was not arbitrary or capricious.
 

 II. NUMBER OF EMPLOYEES
 

 ¶ 15. Mississippi workers’ compensation law states that in order for an employer to be subject to its provisions, the employer must “have in service five (5) or more workmen or operatives regularly in the
 
 *1190
 
 same business or in or about the same establishment under any contract of hire, express or implied.” Miss. Code Ann. § 71-3-5 (Supp.2009).
 

 ¶ 16. The Friersons admit that in July 2006, Concert Systems had four full-time employees. Randy and Candi Frier-son argue that they were not employees under the Act because they did not draw a salary from the company. However, they were officers in the company and paid their house and car notes from the company’s account. Therefore, they were compensated and should be considered employees. Thus, without the inclusion of Weaver as an employee, Concert Systems had six employees.
 

 ¶ 17. We find that the Commission’s holding that Weaver was an employee of Concert Systems and is entitled to workers’ compensation benefits was supported by substantial evidence. Therefore, we find Concert Systems’ issues on appeal are without merit. The judgment of the circuit court affirming the Commission’s decision is affirmed.
 

 ¶ 18. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.