# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-IA-00728-SCT

*HANCO CORPORATION*

*v.*

*PATRICIA GOLDMAN, TIMOTHY KELLY,*
*NANCY KELLY, AND JONATHAN W. KELLY,*
*WRONGFUL DEATH BENEFICIARIES OF*
*WAYNE KELLY, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2013 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| TRIAL COURT ATTORNEYS: | JAMES L. QUINN |
| | LEONARD BROWN MELVIN III |
| | SAMUEL STEVEN McHARD |
| | ROBERT O. ALLEN |
| | S. ROBERT HAMMOND, JR. |
| COURT FROM WHICH APPEALED: | SECOND JUDICIAL DISTRICT OF THE CIRCUIT COURT OF JONES COUNTY |
| ATTORNEYS FOR APPELLANT: | ROBERT O. ALLEN |
| | WILLIAM ROBERT ALLEN |
| | JOHN CHADWICK WILLIAMS |
| | S. ROBERT HAMMOND, JR. |
| ATTORNEYS FOR APPELLEES: | SAMUEL STEVEN McHARD |
| | PAUL MANION ANDERSON |
| | MARCUS ALAN McLELLAND |
| | LEONARD BROWN MELVIN III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2013-IA-00731-SCT

*PATRICIA GOLDMAN, TIMOTHY KELLY,*
*NANCY KELLY AND JONATHAN W. KELLY,*
*WRONGFUL DEATH BENEFICIARIES OF*
*WAYNE KELLY, DECEASED*

*v.*

*AMERICAN AIR SPECIALISTS OF MISSISSIPPI,*
*INC. AND HANCO CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2013 |
| TRIAL JUDGE: | BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | SECOND JUDICIAL DISTRICT OF THE CIRCUIT COURT OF JONES COUNTY |
| ATTORNEYS FOR APPELLANT: | ROBERT O. ALLEN |
| | WILLIAM ROBERT ALLEN |
| | JOHN CHADWICK WILLIAMS |
| | S. ROBERT HAMMOND, JR. |
| ATTORNEYS FOR APPELLEE: | SAMUEL STEVEN McHARD |
| | PAUL MANION ANDERSON |
| | MARCUS ALAN McLELLAND |
| | LEONARD BROWN MELVIN III |
| NATURE OF THE CASE: | PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., KITCHENS AND CHANDLER, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Wayne Kelly was killed while working at a construction site in Hattiesburg, Mississippi. His family (the Kellys) sued, among other defendants, Hanco Corporation, Inc. (Hanco), the general contractor for the project on which Wayne Kelly had been working at the time he died, and American Air Specialists of Mississippi, Inc. (American Air), the subcontractor that had leased the services of Kelly and his coworkers from Landrum Professional Employer Services, Inc. (Landrum). The Kellys and Hanco/American Air

2

moved separately for summary judgment. The circuit court denied summary judgment to Hanco and American Air. Hanco filed a petition for interlocutory appeal and the Kellys filed a cross-petition for interlocutory appeal. This Court granted interlocutory appeal and consolidated the cases. Although Section 71-3-9 of the Mississippi Workers' Compensation Act provides the exclusive remedy to claimants seeking compensation for on-the-job injuries, this Court affirms the denial of summary judgment because Hanco waived its exclusive-remedy affirmative defense.

## FACTS AND PROCEEDINGS BELOW

¶2.    In September 2007, Saddle Creek Corporation of Lakeland, Florida, entered into a contract with Hanco Corporation (Hanco) of Hattiesburg, Mississippi, to construct a cross dock distribution facility at the Forrest County Industrial Park. Hanco subcontracted with American Air Specialists, Inc. (American Air), on November 30, 2007. The subcontract specified that the role to be performed by American Air was to provide all labor, materials, and equipment required for the installation of the HVAC, including fans and louvers, plumbing, site utilities, and design and engineering for the new facility. The subcontract also required that American Air carry workers' compensation and employers' liability insurance and that American Air provide Hanco "with valid certificates of insurance prior to commencement of work verifying that insurance requirements and limits have been met."

¶3.    At the time it subcontracted with Hanco, American Air had an agreement with Landrum Professional Employer Services, Inc. (Landrum), of Pensacola, Florida. This agreement was executed March 9, 2007, and was to continue "in full effect from such date

3

for a period of one (1) year, and from year to year thereafter" unless cancelled by either party upon provision of thirty days' prior written notice. The agreement made Landrum employees available to American Air for lease and allowed Landrum "a right of direction and control over jobsite employees, including a right to hire, terminate, discipline, and reassign jobsite employees assigned" to American Air. Further, American Air "maintain[ed] primary responsibility for interviewing, hiring, assigning, and setting salary and benefits for jobsite employees." Landrum was required to furnish workers' compensation insurance, but American Air was to provide a "general liability insurance policy with a minimum requirement of one million dollars ($1,000,000) combined single limit."

¶4.     In accordance with the Landrum-American Air agreement, Landrum provided a Liberty Mutual workers' compensation policy for employees "leased to but not subcontractors of American Air Specialists of MS, Inc.," the term of which was January 1, 2008, through January 1, 2009. A certificate of insurance was issued, and Hanco was named as certificate holder. Additionally, American Air took out a general liability policy in the amount of $1,000,000 per occurrence from The State Auto Insurance Companies. As with the workers' compensation policy, the holder of the certificate of insurance on the general liability policy was Hanco.

¶5.     Wayne Kelly, Leonardo Navarro Diaz, and Brandon E. Rathbone[1] died on March 21, 2008. Kelly and his coworkers were connecting sewer lines at a construction site for a distribution facility being built in Hattiesburg when the trench in which they were working

---

[1] Kelly's coworkers, Diaz and Rathbone, are not parties to the instant lawsuit.

caved in and buried the three men beneath wet dirt and clay. On November 8, 2010, Wayne Kelly's wife, Nancy, and his children, Patricia Goldman, Timothy Kelly, and Jonathan W. Kelly (the Kellys), filed suit against multiple defendants, including Hanco and American Air, in the Circuit Court of the Second Judicial District of Jones County, alleging negligence as the proximate cause of Wayne Kelly's death. Because the regulations of the Occupational Safety and Heath Administration (OSHA) allegedly had been violated by the defendants, the Kellys filed a combined motion for summary judgment on liability against Hanco and American Air on January 29, 2013. Hanco and American Air then moved for summary judgment, respectively, arguing that the Mississippi Workers' Compensation Act, Mississippi Code Section 71-3-9 (Rev. 2011), provided the exclusive remedy available to the Kellys, since Liberty Mutual had paid workers' compensation benefits.

¶6.     On April 16, 2013, the circuit court denied summary judgment to Hanco and American Air, reasoning that "genuine issues of material fact remain, and it would be premature for the Court to grant Summary Judgment at this time." On May 6, 2013, Hanco filed its petition for interlocutory appeal in this Court. The Kellys filed a cross-petition for interlocutory appeal that same day, arguing that the circuit court had erred in failing to determine that the affirmative defense of exclusivity had been waived as a matter of law.

¶7.     This Court granted an interlocutory appeal to Hanco on September 4, 2013, and consolidated the appeal with the Kellys' cross-petition for interlocutory appeal. That same day, this Court granted the Kellys' cross-petition for interlocutory appeal, which this Court ordered consolidated with the Hanco interlocutory appeal.

5

¶8.     Hanco claims on interlocutory appeal that the trial court erred in failing to apply the exclusivity provision of the Mississippi Workers' Compensation Act, Mississippi Code Section 71-3-9 (Rev. 2011). Finding that to be a dispositive issue, we address only the following question: whether, under the *Horton* Doctrine, Hanco waived its exclusive-remedy affirmative defense by actively participating in the litigation for twenty-six[2] months without pursuing the enforcement of that affirmative defense. *See MS Credit Center, Inc. v. Horton*, 926 So. 2d 167 (Miss. 2006).

## STANDARD OF REVIEW

¶9.     This Court employs a *de novo* standard of review when reviewing a trial court's grant or denial of summary judgment. *WW, Inc. v. Rainbow Casino-Vicksburg Partnership, L.P.*, 68 So. 3d 1290, 1292 (Miss. 2011). Motions for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing Miss. R. Civ. P. 56(c)). "The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists." *Id.* (citing *Bennett v. Hill-Boren, P.C.*, 52 So. 3d 364, 368 (Miss. 2011)). The burden then shifts to the nonmoving party: "[t]he non-moving party must

---

[2] The Kellys assert a twenty-eight month delay, measured ostensibly from the filing of their complaint (November 8, 2010) to the filing of Hanco's motion for summary judgment (March 1, 2013). We find that just over twenty-six months elapsed between Hanco's filing of its answer and defenses (December 22, 2010) and its filing of a motion for summary judgment (March 1, 2013).

produce specific facts showing that there is a genuine material issue for trial." *Id.* (citing *Van v. Grand Casinos of Miss., Inc.*, 767 So. 2d 1014, 1018 (Miss. 2000)).

## DISCUSSION

¶10.    In 2006 this Court held that:

> A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.

*Horton*, 926 So. 2d at 180. The Kellys argue that Hanco should be afforded no immunity under the exclusivity provision of the Mississippi Workers' Compensation Act because it "waived that defense as a matter of law" by actively participating in the litigation for twenty-eight months prior to filing a summary judgment motion.

¶11.    The issue before this Court in *Horton* was whether the defendant had waived the right to require arbitration pursuant to an arbitration clause in an employment contract. *Id.* at 173. The defendant in *Horton* had delayed pursuing its "right to compel arbitration for eight months (over 240 days)" and this Court held:

> [A]bsent extreme and unusual circumstances—an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes a waiver as a matter of law.

*Id.* at 181. The Court explained in a footnote that "[t]o pursue an affirmative defense or other such rights, a party need only assert it in a pleading, bring it to the court's attention by motion, *and* request a hearing." *Id.* at 181 n.9 (emphasis added).

¶12.    The parties dispute whether the exclusivity provision of the Workers' Compensation Act constitutes an affirmative defense. Affirmative defenses, according to this Court, hinge upon "the nature of a defendant's pleading":

> A matter is an "avoidance or affirmative defense" only if it assumes the plaintiff proves everything he alleges and asserts, even so, the defendant wins. Conversely, if, in order to succeed in the litigation, the defendant depends upon the plaintiff failing to prove all or part of his claim, the matter is not an avoidance or an affirmative defense. A defendant does not plead affirmatively when he merely denies what the plaintiff has alleged.

*Hertz Commercial Leasing Div. v. Morrison*, 567 So. 2d 832, 835 (Miss. 1990). The exclusivity provision of the Mississippi Workers' Compensation Act, Section 71-3-9, provides that:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death . . . .

Miss. Code Ann. § 71-3-9 (Rev. 2011). The exclusivity provision meets the definition of an affirmative defense because, irrespective of whether the plaintiff proves "everything he alleges and asserts," the defendant still wins.

¶13.    In *Grimes v. Warrington*, this Court considered whether the failure of the defendant physician to assert a defense of immunity under the Mississippi Tort Claims Act (MTCA) for five years, during which the defendant physician actively participated in the litigation process, constituted a waiver under *Horton. Grimes v. Warrington*, 982 So. 2d 365, 369 (Miss. 2008). In that case, the plaintiff filed a complaint against the defendant physician on June 4, 2001. *Id.* at 370. The defendant timely filed an answer on June 27, 2001, to the

8

plaintiff's complaint in which he asserted tort-claims immunity, but waited until August 3, 2006, more than five years later, to pursue a motion for summary judgment on the basis of the MTCA. *Id.* The defendant actively participated in the litigation as well: "the case was set and twice reset for trial, experts were designated and deposed on the merits of the negligence claim, and Dr. Warrington filed a motion in limine to exclude part of Grimes's expert's testimony." *Id.* This Court therefore reversed and remanded the case for trial on the merits. *Id.*

¶14.    Similarly, in *East Mississippi State Hospital v. Adams*, we considered whether defendants had waived insufficiency of process and insufficiency of service of process defenses "by failing to pursue them until almost two years after they raised them in their answer while actively participating in the litigation." *East Mississippi State Hosp. v. Adams*, 947 So. 2d 887, 890-91 (Miss. 2007). Because "defendants participated fully in the litigation of the merits for over two years without actively contesting jurisdiction in any way" and because the defendants "participated fully in discovery," this Court held that defendants had waived their affirmative defenses. *Id.* at 891. This Court therefore affirmed the trial court's denial of defendants' motion to dismiss. *Id.*

¶15.    In the present case, the Kellys filed their complaint on November 8, 2010. Hanco filed its answer and defenses on December 22, 2010, in which it claimed the Workers' Compensation Act constituted an exclusive remedy. Hanco did not raise the exclusivity provision again until it filed a motion for summary judgment on March 1, 2013. The record reflects that Hanco actively participated in litigating the merits of the case. Hanco filed

motions to join various motions of codefendants. Hanco designated experts it planned to call at trial. Additionally, as did the defendant physician in *Grimes*, Hanco actively participated in numerous depositions. *Grimes*, 982 So. 2d at 371.

¶16. Hanco failed to file its motion for summary judgment until more than twenty-six months after it had raised the exclusive-remedy provision in its answer to the Kellys' complaint. The record suggests no "extreme and unusual circumstances" which would explain or justify this delay. Hanco had abundant opportunity to assert the affirmative defense. As in *Horton*, "if timely pursued," the exclusive-remedy provision "would serve to terminate or stay the litigation." *Horton*, 926 So. 2d at 180, 181. Instead, Hanco actively participated in the litigation by joining motions of other codefendants, designating expert witnesses it planned to call at trial, and participating in depositions of witnesses. Although it did assert the exclusive-remedy defense in its answer, Hanco did not "bring it to the court's attention, and request a hearing" until it filed its summary judgment motion more than twenty-six months later. *Horton*, 926 So. 2d at 181 n. 9.

## CONCLUSION

¶17. Because Hanco waived the affirmative defense of the exclusivity provision of Section 71-3-9, the judgment of the Circuit Court of the Second Judicial District of Jones Count denying summary judgment is affirmed, and these cases are remanded for further proceedings.

¶18. **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

10