# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00951-COA

**WILLIAM J. FORTNER**                                                  **APPELLANT**

**v.**

**SPECIALTY CONTRACTING, LLC**                                          **APPELLEE**

DATE OF JUDGMENT:              05/21/2015
TRIAL JUDGE:                   HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:     NOXUBEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        DAVID O. BUTTS JR.
ATTORNEYS FOR APPELLEE:        CECIL MAISON HEIDELBERG
                               MICHAEL O. GWIN
NATURE OF THE CASE:            CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:       GRANTED SUMMARY JUDGMENT TO
                               THE APPELLEE
DISPOSITION:                   AFFIRMED - 01/31/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     William Fortner was injured while working for Specialty Contracting LLC ("Specialty"). John Stark, a Specialty employee, was backing up a tractor trailer to a loading platform, and Fortner was behind the trailer directing him by walkie-talkie. The trailer struck Fortner, pinning him to the platform and causing serious injuries. Fortner filed suit against Specialty in circuit court, alleging that Specialty was liable for Stark's negligence. However, the circuit court granted summary judgment for Specialty on the ground that Fortner was an employee of Specialty and his exclusive remedy was under the Workers' Compensation Law. On appeal, Fortner argues that he was an independent contractor, not an employee. In the

alternative, he argues that Speciality waived or should be estopped from asserting the exclusive remedy provision of the Workers' Compensation Law as a defense. We conclude that Specialty was entitled to summary judgment. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Specialty is in the business of assembling and delivering prefabricated metal buildings. Stark delivered buildings for Specialty by tractor trailer. In June 2013, Stark asked Specialty's owner, Chris Adams, for permission to hire Fortner to assist him in making deliveries. Fortner was a friend of Stark, and Stark offered to pay Fortner out of his own pocket. Adams consented to Fortner's employment, and Specialty increased Stark's compensation to partially offset the cost of Stark's payments to Fortner.

¶3.    Fortner began working with Stark during the last week of June 2013. Fortner was paid $100 per day, although he was not listed on Specialty's payroll as a W-2 employee, and no taxes were withheld from his wages. Fortner and Stark met at Stark's home each morning and rode together to Specialty's office, where Stark received the day's work order. Fortner and Stark would then load a building onto a tractor trailer owned by Specialty and deliver it to the specified location. Stark always drove because he had a commercial driver's license, whereas Fortner did not. At their destination, Stark and Fortner would unload the building and anchor it into the ground. Speciality provided them with all necessary equipment.

¶4.    On July 2, 2013, Fortner was standing behind the truck giving Stark directions as he backed the truck up to a loading platform. According to Fortner, he directed Stark to drive

2

forward, but Stark backed up instead. The truck's trailer struck Fortner and pinned him to the loading platform. Fortner sustained serious injuries to both of his legs as a result.

¶5. On October 15, 2013, Fortner filed suit against Specialty in the Noxubee County Circuit Court. Fortner alleged that Speciality was liable for Stark's negligence because Stark was acting in the course and scope of his employment with Specialty. Specialty's answer admitted that Stark was acting in the course and scope of his employment at the time of the incident. Specialty also raised the exclusive remedy provision of the Workers' Compensation Law as a defense.

¶6. On December 18, 2013, Progressive Gulf Insurance Company ("Progressive") filed a complaint for a declaratory judgment against Speciality and Fortner in the U.S. District Court for the Northern District of Mississippi. Progressive had issued a commercial automobile liability insurance policy to Specialty. In its complaint, Progressive sought a declaratory judgment that Fortner's injuries were excluded from coverage under the policy because, inter alia, Fortner was an employee who was entitled to workers' compensation benefits. On March 19, 2014, Progressive filed an amended complaint that added Bridgefield Casualty Insurance Company ("Bridgefield") as a defendant. Bridgefield is Specialty's workers' compensation carrier. Progressive's amended complaint was ultimately dismissed without prejudice by stipulation of all parties on January 7, 2015.

¶7. On July 29, 2014, Specialty filed a third-party complaint in the Noxubee County Circuit Court case against Progressive, Bridgefield, and Fortner. Specialty alleged that

3

Progressive and Bridgefield had breached their respective duties to defend and indemnify Specialty against the underlying complaint filed by Fortner. Specialty further alleged that Progressive's federal declaratory judgment action was an improper interference with Specialty's efforts to defend the circuit court action. On February 13, 2015, the circuit court dismissed Specialty's third-party complaint without prejudice with the approval of all parties, i.e., Specialty, Progressive, Bridgefield, and Fortner.

¶8. On November 26, 2014, Fortner filed a motion for partial summary judgment, seeking a determination that he was an independent contractor, not an employee, at the time of his injuries. Specialty responded to Fortner's motion and also moved for summary judgment. Specialty argued that Fortner was an employee and, therefore, his tort claim was barred by the exclusive remedy provision of the Workers' Compensation Law. The circuit court agreed with Specialty that Fortner was an employee and entered summary judgment in favor of Speciality on May 26, 2015. Fortner filed a timely notice of appeal.

¶9. On July 1, 2015, Fortner filed a petition to controvert with the Workers' Compensation Commission. Fortner's petition made clear that it was a "protective filing" based on the circuit court's order granting summary judgment. That is, Fortner filed the petition so that his workers' compensation claim would not be time-barred in the event that this appeal proved unsuccessful. On July 9, 2015, Specialty/Bridgefield filed an answer to the petition in which they admitted that Fortner was an employee of Specialty, that he was injured in the course of his employment, and that the injury arose out of his employment.

4

Bridgefield also tendered payment of temporary total disability benefits, although Fortner's counsel stated at oral argument that Fortner has not yet accepted payment.

## ANALYSIS

¶10.    Fortner raises three issues on appeal.  First, he argues that the circuit court erred in granting summary judgment in favor of Specialty because he is an independent contractor.  Second, he argues that Specialty should be estopped from claiming that he was an employee because Specialty never withheld taxes from his wages or notified the Workers' Compensation Commission of his injury.  Third, he argues that Specialty waived its defense of immunity under the Workers' Compensation Law because it waited too long to file a motion for summary judgment based on the defense.  Finding no error, we affirm.

### I.    Fortner was an employee, not an independent contractor.

¶11.    "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence 'in the light most favorable to the party against whom the motion has been made.'"  *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (quoting *Pratt v. Gulfport–Biloxi Reg'l Airport Auth.*, 97 So. 3d 68, 71 (¶5) (Miss. 2012)).  "A grant of summary judgment will be upheld only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact."  *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824 (¶7) (Miss. 2008).

¶12.    "This case is what Larson calls an 'upside-down compensation case,' in the form of a negligence action in which the employee is trying to get out from compensation coverage

5

to escape the exclusive provisions of the act, and the employer is asserting compensation coverage." *Stubbs v. Green Bros. Gravel Co.*, 206 So. 2d 323, 325 (Miss. 1968) (citing Larson, *Workmen's Compensation Law* § 26.10, at 452.11 (1965)). "Reason and consistency require that we apply the provisions of the act and the decisions interpreting it with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the statute are involved." *Id.*

¶13. Under the Workers' Compensation Law, an employee is entitled to compensation for any injury "arising out of and in the course of employment." Miss. Code Ann. § 71-3-7(1) (Supp. 2016). An employer's liability under the Workers' Compensation Law "shall be exclusive and in place of all other liability of such employer to the employee" for such injury, "except that if an employer fails to secure payment of compensation as required by [the Law], an injured employee . . . may elect to claim compensation under [the Law], or to maintain an action at law for damages." Miss. Code Ann. § 71-3-9 (Rev. 2011). In other words, an employer that secures workers' compensation coverage that complies with the Law "enjoys immunity from suit in tort for an employee's injury." *Washington v. Tem's Junior Inc.*, 981 So. 2d 1047, 1050 (¶11) (Miss. Ct. App. 2008).

¶14. In this case, there is no dispute that Specialty secured workers' compensation coverage consistent with the requirements of the Workers' Compensation Law. Therefore, if Fortner was an "employee" at the time of his injury, his tort suit is barred by the Law's exclusivity provision. The Law defines "employee" as "any person . . . in the service of an

6

employer under any contract of hire or apprenticeship, written or oral, express or implied, provided that there shall be excluded therefrom all independent contractors." Miss. Code Ann. § 71-3-3(d) (Rev. 2011). An independent contractor is defined as:

> [A]ny individual, firm or corporation who contracts to do a piece of work according to his own methods without being subject to the control of his employer except as to the results of the work, and who has the right to employ and direct the outcome of the workers independent of the employer and free from any superior authority in the employer to say how the specified work shall be done or what the laborers shall do as the work progresses, one who undertakes to produce a given result without being in any way controlled as to the methods by which he attains the result.

*Id.* § 71-3-3(r).

¶15. There are two tests used to determine whether an individual is an employee or independent contractor: the "control test" and the "relative nature of the work test." *See Shelby v. Peavey Elecs. Corp.*, 724 So. 2d 504, 506-07 (¶9) (Miss. Ct. App. 1998); *see also Brown v. E.L. Bruce Co.*, 253 Miss. 1, 7, 175 So. 2d 151, 154 (1965) ("The various tests enumerated in our previous opinions are simply methods to be used as an aid in determining whether or not the contractor was an employee, an agent, or a person engaged in an entirely different business, the services of which are contracted to another as the services of an independent contractor."). We apply these tests to determine whether there is any genuine issue of material fact as to Fortner's status as an employee.

### A. The Control Test

¶16. "The traditional test of the employer-employee relationship is the right of the employer to control the details of the work." *Concert Sys. USA Inc. v. Weaver*, 33 So. 3d

7

1186, 1189 (¶13) (Miss. Ct. App. 2010) (quoting *Goolsby Trucking Co. v. Alexander*, 982 So. 2d 1013, 1024 (¶31) (Miss. Ct. App. 2008)). "The 'control test' consists of the following factors[:] '(1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment; and (4) the right to fire.'" *Davis v. Clarion-Ledger*, 938 So. 2d 905, 908 (¶6) (Miss. Ct. App. 2006) (quoting *Shelby*, 724 So. 2d at 507 (¶13)). The employer's right of control—rather than its exercise—is the key to the existence of an employer-employee relationship. *Se. Auto Brokers v. Graves*, No. 2014-WC-00974-COA, 2015 WL 1641246, at *3 (¶15) (Miss. Ct. App. Apr. 14, 2015). Under the control test, it is evident that Fortner was an employee, not an independent contractor.

### 1. Direct Evidence of Right or Exercise of Control

¶17. In his deposition, Fortner admitted that during his brief employment with Specialty, he never did any work or went anywhere except pursuant to Stark's instructions. Each time a delivery was made, Stark told Fortner which building they would load, Stark drove the two of them to the location of the delivery, and then Fortner helped Stark unload the building. Fortner did not independently select buildings for delivery or exercise any discretion of the slightest consequence.

¶18. On appeal, Fortner argues that he actually supervised Stark, not vice versa, because he "would direct Stark in the proper alignment of the truck for loading." As noted above, Stark drove the truck because he had a commercial driver's license, while Fortner did not. Stark told Fortner to give him directions via walkie-talkie to assist him as he backed up the

8

truck, and Fortner did as he was told. Fortner's compliance with Stark's instructions is hardly evidence that Specialty lacked the right to control Fortner's work.

¶19. Fortner also contends that he was not an employee of Specialty because he reported to Stark rather than to Speciality's owner, Chris Adams. However, there is no genuine dispute that Stark was an employee of Specialty. Fortner alleged that Stark was an employee in his complaint, and Specialty admitted the same. The fact that Fortner had little direct contact with Adams is irrelevant. *See Shumpert Truck Lines v. Horne*, 227 Miss. 648, 651-52, 86 So. 2d 499, 500-01 (1956) (holding that claimant was an employee of respondent even though he was hired and paid by one of respondent's employees and respondent's owner "was not daily present and giving orders"). Coverage under the Workers' Compensation Law is not limited to employees who work directly with the owner of the business.

## 2. Method of Payment

¶20. Fortner argues that he was an independent contractor because he was not classified as a "W-2 employee" and because no taxes were deducted from his wages of $100 per day. However, an employer's classification of a worker for tax purposes or failure to withhold taxes—which may be in error—does "not prove independent-contractor status for workers' compensation purposes." *Se. Auto Brokers*, 2015 WL 1641246, at *3 (¶18); *see also Weaver*, 33 So. 3d at 1188-89 (¶¶5-14) (affirming Workers' Compensation Commission's ruling that truck driver was an employee, not an independent contractor, although his employer did not deduct taxes from his wages of $100 per day). The basis on which the worker is paid is more

9

significant to our inquiry than the worker's treatment for tax purposes. In this case, "[t]he method of payment factor clearly favors a finding of employment since [Fortner] was . . . paid a salary of [$100] per day regardless of the number of [buildings] actually [delivered]." *Davis*, 938 So. 2d at 908 (¶7). That is, rather than being paid a fixed fee for a defined job or project, he was paid a regular daily wage. This indicates that he was an employee, not an independent contractor. *See id.*

### 3. Furnishing of Equipment

¶21. Fortner concedes that Specialty provided all equipment and that he furnished none. This factor weighs in favor of employee status. *See, e.g.*, *Se. Auto Brokers*, 2015 WL 1641246, at *3 (¶¶17, 19).

### 4. Right to Fire

¶22. Fortner acknowledges that Specialty had the right to fire him. This also weighs in favor of employee status. *See, e.g.*, *id.*; *Hugh Dancy Co. v. Mooneyham*, 68 So. 3d 76, 81 (¶11) (Miss. Ct. App. 2011) ("The right of control may be established by showing that a potential employer provided the equipment to the worker and had the right to fire the worker." (citing *Mathis v. Jackson Cty. Bd. of Sup'rs*, 916 So. 2d 564, 570 (¶19) (Miss. Ct. App. 2005))).

¶23. In summary, under the "control test," Fortner was Specialty's employee, not an independent contractor. Specialty had the right to control Fortner's work and exercised that right; Fortner was paid a regular daily wage rather than a fixed fee for some project or job;

and Specialty provided all necessary tools and could have fired Fortner at any time. Specialty was entitled to summary judgment under the control test.

## B. Nature of the Work Test

¶24. The control test is the "traditional test" used to determine whether an individual is an employee or independent contractor. *See Weaver*, 33 So. 3d at 1189 (¶13) (quoting *Goolsby*, 982 So. 2d at 1024 (¶31)). However, the "nature of the work test" is also relevant to the determination. The nature of the work test considers

> the character of the claimant's work or business—how skilled it is, how much of a separate calling or enterprise it is, to what extent it may be expected to carry its own accident burden and so on—and its relation to the employer's business, that is, how much it is a regular part of the employer's regular work, whether it is continuous or intermittent, and whether the duration is sufficient to amount to the hiring of continuing services as distinguished from contracting for the completion of a particular job.

*Davis*, 938 So. 2d at 909 (¶8) (quoting *Boyd v. Crosby Lumber & Mfg. Co.*, 250 Miss. 433, 444, 166 So. 2d 106, 110 (1964) (quoting 1 *Larson, Workmen's Compensation Law* § 43.52 (1955))). There is also a "tendency . . . to find employment when the work being done is an integral part of the regular business of the employer, and when the worker, relative to the employer, does not furnish an independent business or professional service." *Ga.-Pac. Corp. v. Crosby*, 393 So. 2d 1348, 1350 (Miss. 1981) (quoting 1A Larson, *Workmen's Compensation Law* § 45 (1979)).

¶25. Fortner's work with Specialty did not involve any particular skill or training; he simply assisted Stark in loading and unloading prefabricated metal buildings. Delivery of

11

those buildings to customers was clearly a regular and integral part of Specialty's business. And although Fortner's employment had only recently commenced at the time of his injury, he was hired to help Stark in all of his normal work, not for any "particular job." Finally, Fortner was not in the business of offering similar services to other entities as part of his own independent business; rather, he was simply providing unskilled labor to Specialty in exchange for a set daily wage. For all these reasons, the nature of Fortner's work for Specialty is that of an employee covered by the Workers' Compensation Law, not an independent contractor. *See, e.g.*, *Davis*, 938 So. 2d at 909 (¶7) (claimant was an employee where her daily work of delivering newspapers required no special skill but was integral to the newspaper's business).

¶26. Thus, under both the "control test" and the "nature of the work test," Fortner was an employee of Specialty. Therefore, Fortner's exclusive remedy was under the Workers' Compensation Law, and his negligence suit against Specialty was barred.

**II. Specialty is not estopped from denying that Fortner was an independent contractor.**

¶27. Fortner next argues that the doctrines of quasi-estoppel and equitable estoppel bar Specialty from denying that he was an independent contractor. "[Q]uasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position it has previously taken, and applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Bailey v. Estate of Kemp*, 955 So. 2d 777, 782 (¶21) (Miss. 2007) (internal

12

quotation marks and brackets omitted) (quoting *Bott v. J.F. Shea Co.*, 299 F.3d 508, 512 (5th Cir. 2002)). "Equitable estoppel precludes a party from denying a material fact which he has previously induced another to rely upon, whereby the second party changed his position in such a way that he would suffer injury if denial was allowed." *Christian Methodist Episcopal Church v. S&S Constr. Co.*, 615 So. 2d 568, 571 (Miss. 1993). The basis of Fortner's estoppel arguments is that Specialty apparently did not list him on its payroll as a "W-2 employee," did not withhold taxes from his pay, and failed to notify the Workers' Compensation Commission of his injury, as required by Mississippi Code Annotated section 71-3-67 (Rev. 2011). These arguments are without merit.

¶28. First, the Mississippi Supreme Court and this Court have already rejected the argument that an employer's failure to notify the Commission of an employee's injury precludes the employer from raising the exclusive remedy provision of the Workers' Compensation Law as a defense to a tort suit. The Supreme Court held that the exclusive remedy provision

> is clear and free of any ambiguity. It expressly provides that the liability of an employer to pay compensation shall be exclusive and in place of all other liability. The single exception deals with circumstances where an employer fails "to secure payment of compensation as required by this act." Only in these instances may the injured employee elect to claim [compensation] under the Workmen's Compensation Act or institute an action at law.

*Taylor v. Crosby Forest Prod. Co.*, 198 So. 2d 809, 811 (Miss. 1967). Accordingly, the Court rejected the argument that the injured employee could maintain a tort suit based on the employer's failure "to report [his injury] to the Commission in the manner and within

13

the time provided" by law. *Id.* More recently, this Court reaffirmed that

> [t]he prerequisite for immunity that the employer "secure payment of compensation" does not mean that the employer must timely inform the Commission of an employee's injury or ensure that a particular employee is paid the benefits to which he is entitled under the Act. Rather, the requirement that the employer "secure payment of compensation" means that the employer must have in effect a workers' compensation insurance policy or be a qualified self-insurer.

*Washington*, 981 So. 2d at 1050-51 (¶13) (citing *Taylor*, 198 So. 2d at 811). Thus, Specialty's failure to file a timely notice of Fortner's injury with the Commission does not estop it from raising the exclusive remedy provision as a defense.[1]

¶29. In addition, Fortner fails to articulate how he ever relied to his detriment on any representation by Specialty. As detrimental reliance is one of "the essential elements of equitable estoppel," *Turner v. Terry*, 799 So. 2d 25, 37 (¶42) (Miss. 2001), Fortner's equitable estoppel argument fails.

¶30. Finally, Fortner's quasi-estoppel argument fails because he fails to show that Specialty has taken inconsistent positions,[2] that Specialty benefitted from any inconsistent position, or that it would be "unconscionable" to allow Specialty to rely on the exclusive remedy defense.

---

[1] An employer's failure to comply with the notice requirements of section 71-3-67 may, in combination with other circumstances, estop the employer from asserting the statute of limitations as a defense to a workers' compensation claim. *See Prentice v. Schindler Elevator Co.*, 13 So. 3d 1258 (Miss. 2009).

[2] As discussed above, an individual may be deemed an employee for workers' compensation purposes even if he was classified as an independent contractor for tax purposes and no taxes have been withheld from his compensation. *See Se. Auto Brokers*, 2015 WL 1641246, at *3 (¶18); *Weaver*, 33 So. 3d at 1188-89 (¶¶5-14).

*See Bailey*, 955 So. 2d at 782 (¶21). There is no dispute that Specialty secured appropriate workers' compensation coverage for its employees, and Specialty has never denied that Fortner is an employee for purposes of the Workers' Compensation Law or that he is entitled to workers' compensation benefits. There is nothing "unconscionable" about enforcing the exclusive remedy provision of the Workers' Compensation Law. The doctrines of quasi-estoppel and equitable estoppel do not apply to the facts of this case.

**III.    Fortner's argument that Specialty waived its immunity defense is procedurally barred.**

¶31.    Citing *Hanco Corp. v. Goldman*, 178 So. 3d 709 (Miss. 2015), and *MS Credit Center v. Horton*, 926 So. 2d 167 (Miss. 2006), Fortner argues that Specialty waived its defense under the exclusive remedy provision of the Workers' Compensation Law because this lawsuit was pending for seventeen months before Specialty filed its motion for summary judgment. However, Fortner admits that he failed to raise this issue in the circuit court. "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *City of Hattiesburg v. Precision Constr. LLC*, 192 So. 3d 1089, 1093 (¶18) (Miss. Ct. App. 2016) (quoting *Adams v. Bd. of Sup'rs of Union Cty.*, 177 Miss. 403, 170 So. 684, 685 (1936)); *see also Freeman v. Pittsburgh Glass Works LLC*, 709 F.3d 240, 250 (3d Cir. 2013) ("The doctrine of appellate waiver is not somehow exempt from itself. This means that a party can waive a waiver argument by not making the argument below or in its briefs." (citation omitted)). By failing to raise this issue in the circuit court, Fortner waived his right to do so on appeal.

15

¶32.   Fortner argues that even if he has waived the issue, we may address it under the "plain error doctrine."  However, no error was committed, much less plain error.[3]  In *Hanco*, the Court held that the employer waived its exclusive remedy defense because it asserted the defense in its answer but then "did not raise the exclusivity provision again until it filed a motion for summary judgment" more than twenty-six months later.  *Hanco*, 178 So. 3d at 714 (¶15).  During that time, the employer "actively participated in litigating the merits of the case," "filed motions to join various motions of codefendants," "designated experts it planned to call at trial," and "actively participated in numerous depositions."  *Id.*

¶33.   Here, in contrast, Specialty filed its motion for summary judgment approximately fifteen months after its answer, and in the interim, there was no substantial litigation related to the merits of the case.  The only depositions taken were of Fortner and Adams, both of which were relevant to the issue of Fortner's employment status.  Moreover, unlike *Hanco*, where the exclusive remedy defense apparently went unmentioned for over two years, the issue has been at the forefront of this litigation throughout.  As discussed above, Fortner's employment status was the central issue in Progressive's federal declaratory judgment action, which it filed only two months after Fortner's complaint.  Moreover, Specialty's third-party complaint, which it filed about nine months after Fortner's complaint, made clear

---

[3] A "plain error" is one "that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Miss. Real Estate Appraiser Licensing & Certification Bd. v. Schroeder*, 980 So. 2d 275, 289 (¶38) (Miss. Ct. App. 2007).  It is a "plain, clear, or obvious" "deviat[ion] from a legal rule" that "is prejudicial in its effect upon the outcome of the trial court proceedings." *Id.*

16

that Fortner's status as an employee or independent contractor was a "central issue" and its "affirmative defense" in the case. Specialty never abandoned the issue in any sense, nor did it actively seek to litigate the underlying merits of Fortner's claim. Accordingly, procedural bar notwithstanding, Specialty did not waive its exclusive remedy defense.

## CONCLUSION

¶34. Fortner was an employee of Specialty, he was injured in the course of his employment, and his injury arose out of his employment. His injury clearly is covered by our Workers' Compensation Law. Because Specialty had secured workers' compensation coverage, Fortner's exclusive remedy is under the Workers' Compensation Law, and his negligence claim against Specialty is barred. If roles were reversed and Fortner were seeking workers' compensation benefits, Specialty could not escape liability by insisting that Fortner was an independent contractor. "Reason and consistency require that we apply the provisions of the [Law] and the decisions interpreting it with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the [Law] are involved." *Stubbs*, 206 So. 2d at 325. Therefore, Fortner likewise cannot circumvent the Law's exclusive remedy provision by denying that he was an employee.

¶35. **THE JUDGMENT OF THE NOXUBEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND GREENLEE, JJ., CONCUR. FAIR AND WESTBROOKS, JJ., NOT PARTICIPATING.**